# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

## CONCISE SUMMARY OF THE CASE

Pursuant to 3rd Cir. LAR 33.3, counsel are required to file a concise summary of the case within **14** days of the date of docketing of the Notice of Appeal. Total statement is limited to no more than 2 pages, single-spaced. Counsel may utilize this form or attach a 2 page statement encompassing the information required by this form.

SHORT CAPTION: Clarence William Lewis, Jr., Appellant v. The Money Source, Inc., Appellee

USCA NO.: 26-1389

LOWER COURT or AGENCY and DOCKET NUMBER:
United States District Court for the Middle District of Pennsylvania; Docket No. 3:24-cv-00387-JKM

NAME OF JUDGE: Honorable Julia K. Munley

Specify who is suing whom, for what, and the subject of this action. Identify (1) the nature of the action; (2) the parties to this appeal; (3) the amount in controversy or other relief involved; and (4) the judgment or other action in the lower court or agency from which this action is taken:

1) the nature of the action: Appellant brought consumer claims for statutory damages pursuant to borrower information provisions in the Truth in Lending Act ("TILA"), and the Real Estate Settlement Procedures Act ("RESPA"). As prevailing party, he was entitled to a reasonable attorneys' fee. That fee is the subject of this appeal.

2) the parties to this appeal: Clarence William Lewis, Jr. and The Money Source, Inc.

3) the amount in controversy: $18,570.25 (the amount by which the bankruptcy judge reduced the attorney fee request).

4) the judgment from which this action is taken:
    a. Order of Hon. Mark Conway, Bankruptcy Judge, entered on February 22, 2024; and
    b. Order of Hon. Julia Munley, District Judge, entered on January 23, 2026 (affirming the bankruptcy court order).

LIST and **ATTACH** a copy of each order, judgment, decision or opinion which is involved in this appeal. If the order(s) or opinion(s) being appealed adopt, affirm, or otherwise refer to the report and recommendation of a magistrate judge or the decision of a bankruptcy judge, the report and recommendation or decision shall also be attached.

1) Order and Opinion of U.S. Bankruptcy Judge Mark Conway dated February 22, 2024
2) Order and Opinion of U.S. District Judge Julia Munley dated January 23, 2026 (affirming above bankruptcy court order)

## Provide a short statement of the factual and procedural background, which you consider important to this appeal:

Appellant, Clarence Lewis, a bankruptcy debtor, fell behind on his mortgage to Appellee, The Money Source, Inc. ("TMS"), after suffering a reduction in work hours. He filed a Chapter 13 bankruptcy case and obtained approval of a bankruptcy plan to cure the arrears owed to TMS. TMS submitted a notice in the bankruptcy case asserting that Lewis owed $900 in attorney's fees for basic bankruptcy work. Concerned about the basis for that fee, Lewis's counsel sent TMS requests seeking information. These requests were made pursuant to borrower information provisions in the Truth in Lending Act ("TILA"), and the Real Estate Settlement Procedures Act ("RESPA").

TMS withdrew the fee notice but declined to provide the requested information. Lewis thereafter filed an adversary proceeding alleging that TMS violated TILA and RESPA by failing to provide the information. The adversary proceeding involved discovery disputes and motion practice, including a motion to compel. The parties also mediated. Eventually, TMS made a Rule 68 offer to allow judgment to be entered against TMS in the amount of $6,000 "plus an additional amount for costs and reasonable attorney's fees." Lewis accepted.

The parties thereafter mediated the fee dispute and were able to narrow the issues. They executed a stipulation agreeing to the reasonableness of the applicable hourly rates and to the reasonableness of the time spent on the majority of billing entries. Specifically, $42,490.50 in fees were agreed upon as compensable. However, they were unable to agree on the remaining entries. Lewis filed a petition seeking $81,678.68 in attorney's fees (i.e., $42,490.50 for the stipulated entries, and $39,188.18 for the entries still in dispute).

Following briefing and an evidentiary hearing, the bankruptcy court reduced the request by $18,570.25 to $63,108.43. The reductions fell into two categories: a blanket 75% reduction applied to 98 entries of 0.1 hours for purported lack of billing judgment, and reductions totaling approximately $15,520 in time spent preparing four briefs related to the motion to compel discovery and the fee petition.

Lewis appealed to the United States District Court for the Middle District of Pennsylvania, which affirmed.

## Identify the issues to be raised on appeal:

This appeal concerns the standards governing attorney's fee awards in federal fee-shifting litigation.

1. Whether the bankruptcy court improperly reduced fees for reasons not specifically raised by TMS. A trial court may not reduce a fee award sua sponte for a reason not raised by the adverse party, because doing so deprives the fee applicant of the opportunity to respond and defend. Bell v. United Princeton Properties, Inc., 884 F.2d 713 (3d Cir. 1989). Here, TMS's brief contained only generalized allegations that the overall time spent was "incredible and excessive." The bankruptcy court itself acknowledged that TMS "did not identify any specific time entries that were excessive." TMS made no specific objection to the briefing time whatsoever, yet that time was reduced. Appellant contends that the reductions were based on rationales not clearly raised by TMS and therefore were effectively imposed sua sponte.

2. Whether the bankruptcy court erred by failing to enforce the parties' stipulation. Prior to the fee hearing, the parties entered into a stipulation expressly resolving a portion of the fee, and agreeing that for that portion, $42,490.50 in fees were reasonable. Appellant contends that the court nevertheless reduced certain time entries within those stipulated categories. The appeal raises the question of whether a court may disregard such stipulations and reduce fees that were not actually in dispute.

3. Whether the methodologies the bankruptcy court used to reduce the requested fees was appropriate. The bankruptcy court applied significant percentage reductions to categories of work—including communications and briefing—without identifying specific entries that were excessive or explaining the basis for the percentages selected. Appellant argues that such across-the-board reductions must be supported by specific findings and a reasoned explanation tying the reduction to the evidence in the record. The court also applied a stated 75% reduction to 98 time entries, even though less entries were actually at issue, producing an effective reduction exceeding 90% — a factual error that independently warrants reversal of that portion of the award.

4. Whether the reductions imposed by the bankruptcy court were consistent with the purposes of federal fee-shifting statutes and Rule 68 offers of judgment. The judgment in this case expressly provided that Appellant was entitled to recover reasonable attorney's fees. Appellant contends that the reductions imposed by the court improperly relied on proportionality considerations and other factors inconsistent with the policies underlying fee-shifting regimes.

## This is to certify that this Concise Summary of the Case was electronically filed with the Clerk of the U.S. Court of Appeals for the Third Circuit and a copy hereof served to each party or their counsel of record

this ___12th___ day of ___March___ ,20__26__ .

*Carlo Sabatini*
_____
Signature of Counsel

Rev. 07/2015

## UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| | : | |
| **Clarence William Lewis, Jr.,** | : | **Case No. 5:19-01873-MJC** |
| | : | |
| Debtor. | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

| | | |
|---|---|---|
| **Clarence William Lewis, Jr.,** | : | |
| | : | |
| Plaintiff, | : | **Adversary Proceeding** |
| | : | **No. 5:19-00116-MJC** |
| v. | : | |
| | : | |
| **The Money Source, Inc.,** | : | |
| | : | |
| Defendant. | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER GRANTING IN PART AND DENYING IN PART
## PLAINTIFF'S PETITION FOR ATTORNEY'S FEES AND COSTS

Upon consideration of Plaintiff's Petition for Attorney's Fees and Costs ("Fee Petition"),

Dkt. # 128, the parties' memoranda of law in support of their respective positions, and for the

reasons set forth in the accompanying Opinion,

It is hereby **ORDERED** that:

1.  The Fee Petition is **GRANTED IN PART AND DENIED IN PART.**

2.  Plaintiff is awarded the amount of $63,108.43 in attorney's fees and $164.61 of costs.

By the Court,

_____

Mark J. Conway, Bankruptcy Judge
Dated: February 22, 2024

**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| | : | |
| Clarence William Lewis, Jr., | : | Case No. 5:19-01873-MJC |
| | : | |
| Debtor. | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

| | | |
|---|---|---|
| Clarence William Lewis, Jr., | : | |
| | : | |
| Plaintiff, | : | Adversary Proceeding |
| | : | No. 5:19-00116-MJC |
| v. | : | |
| | : | |
| The Money Source, Inc., | : | |
| | : | |
| Defendant. | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

# <u>O P I N I O N</u>

## I. INTRODUCTION

This adversary action relates to a lender's failure to timely respond to a debtor's request for information on post-petition attorney fees charged against the debtor's residential mortgage. The matter before the Court is Plaintiff's Petition for Attorney's Fees and Costs ("Fee Petition") seeking $81,678.68 in attorney's fees and $164.61 in costs, which was filed pursuant to a Rule 68 Offer of Judgment settling this adversary proceeding. Defendant disputes the Fee Petition and asserts that no attorney's fees or costs at all should be awarded in connection with the Offer of Judgment. Alternatively, Defendant argues for a total award of $6,000, inclusive of the judgment, attorney's fees, and costs be awarded.

For the reasons stated below, the Court determines that Defendant's Offer of Judgment by its terms agreed to pay attorney's fees and costs, and consequently, the Court will award Plaintiff reasonable attorney's fees and costs.

## II. PROCEDURAL HISTORY

### A. The Bankruptcy Case

On April 30, 2019, the debtor Clarence William Lewis, Jr. ("Debtor" or "Plaintiff") filed his voluntary Chapter 13 bankruptcy petition. On his Schedules filed with his bankruptcy petition, Debtor listed his residence in Taylor, Pennsylvania, with a secured claim in favor of The Money Source, Inc. ("TMS" or "Defendant") in the amount of $143,551.34. *See* Schedule D, Bk. Dkt. # 1.[1] On his Statement of Financial Affairs, Debtor disclosed that TMS instituted pre-petition mortgage foreclosure proceedings against Debtor's residence in the Pennsylvania Court of Common Pleas, Lackawanna County (Case No. 2019-01787). Debtor's Chapter 13 Plan proposed a cure of $13,344.05 in pre-petition arrears to TMS. Debtor confirmed his Chapter 13 Plan on July 24, 2019. Bk. Dkt. # 38. Debtor subsequently received his Chapter 13 discharge on June 1, 2023. Bk. Dkt. # 67.

On July 3, 2019, TMS filed a Notice of Postpetition Mortgage Fees, Expenses, and Charges ("Notice") pursuant to Federal Rule of Bankruptcy Procedure 3002.1. The Notice included $900 of attorney's fees for review of Debtor's Chapter 13 plan and preparing and filing its proof of claim. In August and September 2019, Debtor's Counsel, Mr. Carlo Sabatini ("Mr. Sabatini" or "Plaintiff's Counsel") sent two letters to TMS requesting, *inter alia*, information regarding the fees charged in connection with the bankruptcy case ("Letters").[2] On October 7, 2019, TMS withdrew the Notice. *See* Bk. Dkt. # 41.

---

[1] Docket entries in the main bankruptcy case are noted as "Bk. Dkt." and all other docket entries refer to this Adversary Proceeding ("Dkt.").

[2] Plaintiff's Counsel also requested a payoff statement and the name and address of the owner of the loan.

2

**B.  The Adversary Proceeding**

On November 26, 2019, Plaintiff instituted this adversary proceeding by filing a complaint against Defendant TMS.  This proceeding proved to be contentious right from the outset with significant activity at the pleading stage.  After TMS filed its initial answer, Plaintiff filed an Amended Complaint.  *See* Dkt. # 8 & 9.  TMS responded with a motion to dismiss.  Dkt. # 13.  Plaintiff then sought to stay briefing on the motion to dismiss while he moved to amend the complaint again.  *See* Dkt. # 16 & 31.  The Court granted Plaintiff's motion to amend, Dkt. # 41, and Plaintiff filed his Second Amended Complaint on May 20, 2020, Dkt. # 42.  TMS again moved to dismiss.  *See* Dkt. # 44.  On October 28, 2020, the Court issued an Opinion and Judgment which granted in part and denied in part TMS' motion to dismiss and granted leave to amend.  *See* Dkt. # 55 & 56.  As a result, Plaintiff ended up filing his Third Amended Complaint on November 4, 2020.  Dkt. # 57.

The Third Amended Complaint alleged two counts – one under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2601, *et seq.*, and one under the Truth in Lending Act ("TILA"), 15 U.S.C. §1601, *et seq.* – for failing to respond to Debtor's request for information regarding the attorney's fees Defendant included in the Notice.  Defendant filed an Answer on December 2, 2020.  Dkt. # 58.  The parties subsequently engaged in discovery which led to a joint motion for a protective order and a contested motion to compel that required Court intervention.  *See* Dkt. # 63 & 65.

The parties then attempted to settle this matter, or at a minimum, narrow the issues through mediation in late 2021 and into early 2022.  *See* Dkt. # 94 & 97.  The mediation proved to be unsuccessful.  S*ee* Dkt. # 100.  But, Plaintiff ultimately accepted an offer of judgment on March

24, 2022 ("Rule 68 Offer"), and the parties reported they were negotiating an amount for attorney's fees and costs. *See* Dkt. # 103.

After some negotiation, the parties requested another mediation session on the issue of attorney's fees. The matter was again referred to a mediator but the parties had difficulty scheduling a mutually agreeable time and Plaintiff filed a Motion to Compel Defendant to Show Cause for Failure to Schedule Mediation. Dkt. # 109. After a hearing, the Court ordered mediation to take place in September 2022. *See* Dkt. # 115. Ultimately, the parties were not able to resolve all of the attorney's fees and costs at issue, *see* Dkt. # 119 (Report of Mediator), however, the parties filed a stipulation ("Stipulation") that designated certain fees and costs on which they were able to agree, *see* Dkt. # 117.

On November 8, 2022, the Court held a conference to set deadlines for filing a fee application and briefing. Plaintiff's Counsel filed his petition for fees and costs ("Fee Petition") on December 8, 2022. Dkt. # 128. After briefing, the Court held argument on the disputed Fee Petition and took the matter under advisement. The Fee Petition is now ripe for disposition.

## III. THE PARTIES' POSITIONS

Plaintiff's position is fairly straightforward. Plaintiff brought this action asserting violations of TILA and RESPA after TMS failed to timely and adequately respond to Plaintiff's Counsel's Letters seeking certain information relating to attorney's fees being charged against Plaintiff's residential mortgage. Plaintiff accepted the Rule 68 Offer on March 24, 2022. Plaintiff's Counsel asserts that the acceptance of an offer of judgment is clearly a successful outcome entitling Plaintiff to a mandatory award of attorney's fees and costs. *See* Plaintiff's Brief at 2, Dkt. # 129.

4

According to Plaintiff's Counsel, both TILA and RESPA require an award of attorney's fees to a successful plaintiff. *See Id.* Plaintiff's Counsel further points out that the policy under these statutes is to award a disproportionate fee so that consumers can attract and retain competent counsel to represent them in bringing these consumer protection actions. *Id.* at 2-3. Plaintiff's Counsel argues that he attained the maximum statutory damages available to Plaintiff and accordingly, Counsel should be awarded the full fee requested. *Id.* at 4.

Not surprisingly, TMS has a different take on this litigation and the propriety of the Fee Petition. TMS argues that Mr. Sabatini's Letters in August and September 2019 regarding the Notice were all about generating fees for his firm. *See* TMS Brief at 3, Dkt. # 130. TMS posits that it had withdrawn the Notice in October 2019 and disclaimed any entitlement to the $900 in fees and therefore, Mr. Sabatini had no basis to later seek discovery as to those fees. *Id.* TMS claims it sought to settle this matter early on by sending offers of judgment on January 23, 2020 and April 2, 2020. *Id.* at 3-4. But, Mr. Sabatini rejected those offers, instead choosing to drag this matter out for years with little to no benefit to Plaintiff. *Id.* at 4.

TMS disputes Plaintiff's Counsel's contention that TILA and RESPA mandate the recovery of attorney's fees, citing the United States Supreme Court decision in *Marek v. Chesny*, 473 U.S. 1 (1985). *See* TMS Brief at 5-6. TMS argues that under *Marek,* 473 U.S. at 8-9, a Rule 68 Offer of Judgment includes attorney's fees only when the underlying statute defines "costs" to include attorney's fees. *Id.* Because neither statute defines costs as including attorney's fees, no attorney's fees can be awarded.[3] Further, TMS argues that attorney's fees are properly awarded

---

[3] The Court agrees that the underlying statutes involved here do not define attorney's fees as part of costs and therefore, Plaintiff is not entitled to attorney's fees under the "costs" provision of Rule 68. However, as explained below, Plaintiff is entitled to attorney's fees based on the plain language of the Rule 68 Offer. *See Miller v. City of Portland*, 868 F.3d 846, 851 (9th Cir. 2017) (holding that principles governing statutory fee awards are not applicable when Rule 68 Offer of Judgment explicitly provides for attorney's fees).

5

under these statutes only upon a finding of a violation under the relevant provisions. *Id.* at 7-8. No finding has been made that TMS failed to comply with the statutes, and therefore, Plaintiff is not entitled to attorney's fees. *Id.*

Alternatively, TMS argues even if attorney's fees are properly awardable, the fees and costs Plaintiff has requested are unreasonable. *See Id.* at 9. TMS alleges that Plaintiff's Counsel manufactured affirmative claims under RESPA and TILA by requesting information that had no value to Plaintiff because he had no reasonable ability to payoff his loan. *See Id.* at 15. TMS suggests that it's very questionable whether Mr. Sabatini provided any real benefit to his client by litigating for two more years and going from a settlement of $7,000 inclusive to $6,000 plus fees and costs.[4] *Id.* at 4. TMS therefore argues that the fees and costs should be limited to no more than provided in the accepted Rule 68 Offer. *Id.* at 18-19. Furthermore, TMS points out that Mr. Sabatini did not exercise reasonable billing judgment or remove duplicate or vague billing entries, etc. and therefore, at the very least, the Fee Petition should be reduced to account for these time entries. *See Id.* at 19.

## IV. LEGAL STANDARD

Federal Rule of Civil Procedure 68, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7068, provides in part:

(a) Making an Offer; Judgment on an Accepted Offer. At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party

---

[4] TMS argues that Mr. Sabatini "manufactur[ed] an adversary claim" on "what was more accurately described as a dispute about nothing" and that he was "ginning up" claims to "support his 'loss leader' bankruptcy practice by seeking wholly excessive attorneys' fees." *Id.* at 1. While it does appear as though the motive for requesting the information may be suspect especially after TMS formally agreed to waive the disputed fees, TMS did not offer any evidence to support whether Plaintiff had a good faith basis to request the information or whether Mr. Sabatini "manufactured" the claims which have now been settled in Plaintiff's favor.

an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Rule 68 Offers are a widely utilized tool to achieve settlement of litigation. The Third Circuit has cautioned litigants regarding the implementation of Rule 68 Offers:

> Rule 68 of the Federal Rules of Civil Procedure is intended to promote the amicable resolution of cases. Although it usually serves its intended purpose, Rule 68 presents a trap for the unwary. This trap manifests itself most frequently when a defendant erroneously believes that an accepted Rule 68 offer of judgment finally resolves a civil action, only to be assessed substantial attorney's fees and costs thereafter by the court.

*Lima v. Newark Police Dep't.,* 658 F.3d 324, 326 (3d Cir. 2011).

Once accepted, an offer of judgment becomes a settlement agreement. *Guerrero v. Cummings*, 70 F.3d 1111, 1113 (9th Cir. 1995). As such, "Rule 68 offers of judgment are governed by basic principles of contract law." *M3 USA Corp. v. Hart*, 2021 WL 2917374, at *5 (E.D. Pa. 2021); accord *Miller v. City of Portland*, 868 F.3d 846, 851 (9th Cir. 2017); *MCO & EA LLC v. Silver Globe Inc.*, 2023 WL 3478466, at *2 (D. N.J. 2023). The general rule of contract interpretation under Pennsylvania law is "the intent of the parties to a written contract is contained in the writing itself. Where the intention of the parties is clear, there is no need to resort to extrinsic aids or evidence, instead, the meaning of a clear and unequivocal written contract must be determined by its contents alone." *Bohler–Uddeholm Am., Inc. v. Ellwood Group, Inc.*, 247 F.3d 79, 92 (3d Cir. 2001) (internal quotations and citations omitted). Any ambiguity in a Rule 68 Offer of Judgment is resolved against the offeror. *M3 USA Corp.*, 2021 WL 2917374 at *5 (citing *Lima*, 658 F.3d at 330). "A contract is ambiguous if it may reasonably be construed in more than one

7

way." *M3 USA Corp.*, 2021 WL 2917374 at *5.  The bottom line is that "[p]laintiffs are entitled to rely on the plain language of the offer [they] accepted." *Miller*, 868 F.3d at 851 (quoting *Erdman v. Cochise Cty.,* 926 F.2d 877, 897 (9th Cir. 1991)).

## V.  DISCUSSION

### A.  Plaintiff is Entitled to an Award of Attorney's Fees

TMS correctly states in its brief that "[i]t is well-settled that a prevailing party is not entitled to attorneys' fees except under certain limited circumstances."  TMS Brief at 4 (citing *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975) (referring to this principle as the "American Rule")).  One of the exceptions to the American Rule is where there is a contract or statute granting a right to attorney's fees.  *In re West Chestnut Realty of Haverford, Inc.*, 186 B.R. 612, 617 (Bankr. E.D. Pa. 1995) (citation omitted).  Here, as set forth below, there is a clear and unambiguous contract right and the underlying statutes provide for Plaintiff to recover attorney's fees.

First, Defendant ignores the fact that the Rule 68 Offer is considered a "contract" and argues that TILA and RESPA do not mandate an award of attorney's fees because Lewis was not a "successful plaintiff."  *See* TMS Brief at 5.  However, both statutes allow an award of reasonable attorney's fees as determined by the court in the case of "any successful action."  *See* 15 U.S.C. § 1640(a)(3) (TILA) and 12 U.S.C. §2605(f)(3) (RESPA).  Our Supreme Court has determined that a "prevailing party" also termed a "successful party" is "one who been awarded some relief by the court." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001).  The Court made clear that "[a] party in whose favor a judgment is rendered,

8

regardless of the amount of damages awarded" is a "prevailing party" for purposes of the various federal fee-shifting statutes. *Id.* (quoting Black's Law Dictionary 1145 (7th ed. 1999)).

Here, under the Rule 68 Offer, Plaintiff was awarded a $6,000.00 judgment "in satisfaction of all claims." Clearly, he is a prevailing party or has achieved a "successful action" regarding his claims brought under TILA and RESPA. The fact that the judgment was obtained through a Rule 68 Offer or settlement versus through litigation, does not alter that result. *See Maher v. Gagne*, 448 U.S. 122, 129 (1980).

Second, TMS completely ignores that the Rule 68 Offer clearly provides for an award of attorney's fees. The Rule 68 Offer provided:

> Defendant, The Money Source, Inc., pursuant to Federal Rule of Civil Procedure 68, as incorporated by Federal Rule of Bankruptcy Procedure 7068, hereby offers to allow a judgment to be taken against it in satisfaction of all claims by Plaintiff, Clarence Lewis, in the amount of $6,000, **plus an additional amount for costs and reasonable attorney's fees**.

*See* Dkt. # 127, (emphasis added). The Rule 68 Offer also specifically provides that "[t]he parties will attempt to negotiate the amount for costs and attorney's fees" and if not resolved, "then Plaintiff shall file a petition" for the fees. This language leaves no doubt that the parties agreed to award attorney's fees to Plaintiff.

Upon acceptance, TMS' Rule 68 Offer became a settlement agreement. *See Guerrero*, 70 F.3d at 1113. In applying basic principles of contract law, as the Court is obligated to do in analyzing Rule 68 Offers, *see M3 USA Corp.*, 2021 WL 2917374, at *5, the parties' "contract" squarely and unambiguously answers the question of whether Plaintiff is entitled to attorney's fees. TMS' Rule 68 Offer included attorney's fees and Plaintiff accepted. TMS will be held to the terms

9

of the commitment.  Accordingly, TMS' argument that no fees should be awarded is without merit.[5]

**B. Plaintiff's Counsel is Entitled to Reasonable Attorney's Fees**

Having found that Plaintiff's Counsel is entitled to attorney's fees under the terms of the Rule 68 Offer, the next issue is the amount of the fees to be awarded.  In total, the Fee Petition seeks $81,678.68 in attorney's fees and $164.61 in costs.[6]  The only parameters to which the parties specifically and contractually agreed in the Rule 68 Offer, was that they must be "reasonable."

In determining a reasonable fee, courts frequently employ the lodestar method.  In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court explained that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[7]  After calculating this "lodestar" amount, the court should then determine whether "other considerations" warrant

---

[5] The Court notes that the accepted Rule 68 Offer did not include any temporal limitations, unlike the two prior Offers of Judgment which both limited the award of attorney's fees and costs to the date of the Offer. *See* Dkt. # 130-1 and 130-2.  Because there was no language limiting the attorney's fees, an award of fees for time spent after the Rule 68 Offer was accepted is appropriate. *See Holland v. Roeser*, 37 F.3d 501, 503 (9th Cir. 1994) (finding language of Rule 68 Offer of Judgment did not limit attorney's fee award to fees incurred prior to offer).  The Rule 68 Offer specifically provided for the parties to attempt to amicably agree to the fees and if unable, Plaintiff was to file a Fee Petition within 30 days.  Unfortunately, even though the Rule 68 Offer appears to provide for a simple resolution of the attorney's fees request, the award of fees has turned into a whole new litigation with motions, briefing, another mediation, and hearings.  Plaintiff's Counsel billed approximately $26,600 in litigating the attorney's fees.

[6] This amount is comprised of:  $56,184.50 for the period August 30, 2019 through March 24, 2022; $5,732.50 for the period March 25, 2022 to October 27, 2022; $4,761.68 for the period of October 28, 2022 through December 8, 2022; and $15,000 for the period from December 9, 2022 through the date of the argument on January 31, 2023.

[7] Here, TMS stipulated that the hourly rates of Plaintiff's professionals are reasonable.

10

increasing or decreasing the lodestar amount. *Id.* at 434. As explained in *Hensley,* these "other considerations" include the following twelve factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 430 n. 3 (quoting *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

Also, the Court must exclude time that is not reasonably expended, which includes excessive, redundant, or otherwise unnecessary hours. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (citing *Hensley*, 461 U.S. at 434)). A party opposing a fee request has the burden to challenge the reasonableness of the fees with sufficient specificity. *M3 USA Corp.*, 2021 WL 2917374 at *6 (citing *United States ex rel. Palmer v. C&D Techs., Inc.*, 897 F.3d 128, 139 (3d Cir. 2018)); accord *Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 715 (3d Cir. 1989). "Once the challenging party does so, the district court has a great deal of discretion to adjust the fee award in light of those objections." *C&D Techs., Inc.*, 897 F.3d at 139 (quoting *Rode*, 892 F.2d at 1183)) (internal quotation marks omitted).

TMS' approach to this Fee Petition has been vexing to say the least. Knowing full well its burden to object, TMS lodged very few objections to specific time entries.[8] Its objection was more

---

[8] The Court expressed its concerns regarding the objection at the hearing:

> It would be helpful to the Court if you did go through and tell me what's wrong with his fees. If you both -- you both seem like you've read the *Badyrka* opinion, and I think I made some effort to go through line-by-line, or pointing out line-by-line what I disagreed with,

11

generalized and was based on a blanket statement that the professional fees were wholly unreasonable, citing over 183 hours of time spent on Plaintiff's claim that TMS allegedly failed to respond to the Letters.[9]  TMS Brief at 10.  TMS cited to several portions of this Court's decision in *In re Badyrka*, 2022 WL 4656034 (Bankr. M.D. Pa. 2022), which reviewed Mr. Sabatini's fee application is an unrelated Chapter 13 case.  The main thrust of TMS' argument centered on what TMS characterized as Mr. Sabatini's opportunistic billing practices and "egregious overreach[ing]" and the lack of any benefit the requested information would have provided to Plaintiff.  *Id.* at 13.  TMS goes so far as to claim that Mr. Sabatini "manufactured affirmative claims under RESPA and TILA by requesting information on behalf of Lewis that was of no actual value to Lewis."[10]  *Id.* at 15.  TMS does not state a specific amount by which the Petition should be reduced but suggests that Plaintiff's Counsel be limited to no more than provided in the accepted Rule 68 Offer of $6,000.  TMS offered no case law in support of this drastic cut.

Because TMS' argument as to the reasonableness of the fees is basically limited to generalized statements regarding excessive time spent, the Court will limit its review of the time entries to that ground.  Without the benefit of being involved in the day-to-day litigation between the parties, it is difficult for the Court to determine if any of Mr. Sabatini's time was unnecessary or of no benefit to his client.  However, based upon a review of the case docket, the Court's

---

and why I thought they were improper. And I suppose I would have expected more from the Defendant to go after Mr. Sabatini based upon *Badyrka*, and I really don't see that in your papers. You paint with a broad brush, but you don't get into the nitty gritty. And I'm wondering if you're expecting the Court to do that for you.
        1/31/23 Transcript at 72.

[9]  The Court tends to agree with TMS that 183 hours of time spent on this matter appears excessive, however, as set forth below, TMS did not identify any specific time entries that were excessive.

[10]  TMS references Mr. Sabatini's lack of "good faith" in "manufacturing" Plaintiff's claims but other than general allegations, TMS did not provide any factual basis to support such accusations.  The fact that this action was filed after TMS allegedly waived the fees is noted.

12

experience and a thorough review of the invoices submitted, several time entries appear to be excessive.

During the discovery phase of this litigation, Plaintiff filed a Motion to Compel Discovery on June 29, 2021, Dkt. # 65, with a supporting brief filed on July 9, 2021, Dkt. # 66.   Plaintiff's Counsel spent 3.2 hours researching and 15.7 hours drafting the brief.  The Court finds the time expended relating to a motion to compel discovery to be excessive and will reduce the fees by twelve hours.  The reduction equates to $4,200 ($350/hr. x 12).  Plaintiff's Counsel expended 11.5 hours on discussing and drafting the reply brief, Dkt # 77.  This too was excessive and the fees will be reduced by 8 hours, *i.e.*, $2,800 ($350/hr. x 8).

TMS objects to 98 entries of .1 hours totaling $4,067.  TMS' Brief at 18.  Like in *Badyrka*, the Court finds Mr. Sabatini's entries for almost every conceivable communication, no matter how minor, to lack billing judgment and will reduce these entries by 75% or $3,050.25. *See In re Szymczak*, 246 B.R.774, 783 (Bankr. D. N.J. 2000) ("In reviewing Applicant's time records, it appears the Debtors were billed every time Applicant picked up the telephone, uttered the Debtors' name, or looked at the Debtors' case; even where nothing meaningful occurred.").

In November 2022, Plaintiff's Professionals spent a combined 8.3 hours to draft a brief in support of the Fee Petition.  The Court finds that the time spent was excessive for a ten-page brief.[11] The fees will be reduced by 3 hours for each attorney, *i.e.*, $2,295 (($415 x 3) + ($350 x 3)).

---

[11] It is noted that Mr. Sabatini has significant experience relating to disputes over the reasonableness of attorney's fees.

Lastly, Plaintiff's Counsel billed 30.1 hours for the reply brief in support of the Fee Petition, Dkt. # 131. Counsel discounted this amount by 6.8 hours. The Court finds the time expended was still excessive and will reduce the fees by 15 hours, *i.e.*, $6,225 ($415/hr. x 15).

The above disallowed attorney's fees total $18,570.25. Consequently, the Court finds a reasonable attorney fee in this matter is $63,108.43. Because TMS had no opposition regarding the costs in the Fee Petition and the costs appear reasonable, the Court awards $164.61 in costs.

## VI. CONCLUSION

It appears from the outset that TMS knew that Mr. Sabatini would incur substantial fees if this matter was litigated. *See* Dkt. # 131 at 1 (quoting Mr. Riley's email dated January 22, 2020). However, the parties spent several years litigating and then settled via a Rule 68 Offer that contemplated an award of attorney's fees. For the reasons stated above, the Court finds that the March 16, 2022 Rule 68 Offer contractually provided for an award of reasonable attorney's fees and costs. Accordingly, the Court has determined a reasonable attorney fee of $63,108.43 and costs of $164.61 will be awarded.

An appropriate order will be entered.

By the Court,

_____
Mark J. Conway, Bankruptcy Judge
Dated: February 22, 2024

14

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | No. 3:24cv387 |
| CLARENCE WILLIAM LEWIS, JR. | : | |
| Chapter 13 DEBTOR | : | (Judge Munley) |
| | : | |

| | |
|---|---|
| CLARENCE WILLIAM LEWIS, JR., | : |
| Appellant | : |
| | : |
| v. | : |
| | : |
| The Money Source, Inc., | : |
| Appellee | : |

## ORDER

**AND NOW**, to wit, this 23rd day of January 2026, for the reasons set forth

in an accompanying memorandum, it is hereby **ORDERED** that:

1) The bankruptcy appeal filed by Clarence William Lewis, Jr. is hereby

   **DENIED**;

2) Clarence William Lewis, Jr.'s request for oral argument, (Doc. 15), is

   also **DENIED**; and

3) The Clerk of Court is directed **CLOSE** this case.

                                        BY THE COURT:

                                        _____
                                        JUDGE JULIA K. MUNLEY
                                        United States District Court

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | No. 3:24cv387 |
| CLARENCE WILLIAM LEWIS, JR. | : | |
| Chapter 13 DEBTOR | : | (Judge Munley) |
| | : | |

........................................................................................................

| | | |
|---|---|---|
| CLARENCE WILLIAM LEWIS, JR., | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| The Money Source, Inc., | : | |
| Appellee | : | |

........................................................................................................

## MEMORANDUM

Before the court for disposition is the bankruptcy appeal filed by Clarence William Lewis, Jr. (hereinafter "Appellant" or "Lewis"). Appellant challenges a February 23, 2024 decision of Bankruptcy Judge Mark J. Conway. Also pending is Appellant's request for oral argument. (Doc. 15). The parties have briefed their respective positions, and the matter is ripe for disposition.

## Background[1]

At issue is the determination of reasonable attorney's fees recoverable in connection with an offer of judgment under Rule 68 of the Federal Rules of Civil

---

[1] The court adopts the facts set forth in Judge Conway's opinion as they do not appear to be in dispute. (See Doc. 3-22, Bankr. Opinion at 1-4). Those facts are further confirmed by this court's independent review of the bankruptcy record.

Procedure.  By way of brief background, Lewis filed a voluntary Chapter 13

petition on April 13, 2019. (Doc. 3-22, Bankr. Opinion at 2).  His petition listed his

residence in Taylor, Pennsylvania as subject to a secured claim held by the

Money Source, Inc. (hereinafter "TMS") in the amount of $143,551.34. (Id.)

Lewis's confirmed Chapter 13 plan provided for a cure of $13,344.05 in pre-

petition arrears to TMS. (Id.)

On July 3, 2019, TMS filed a notice of postpetition mortgage fees,

expenses, and charges ("Notice") pursuant to Bankruptcy Rule 3002.1 of the

Federal Rules of Bankruptcy Procedure. (Id.)  The Notice sought $900 in

attorney's fees for reviewing the Chapter 13 plan and for preparing and filing its

proof of claim. (Id.)  Thereafter, Appellant's counsel, Carlo Sabatini, sent two

letters to TMS requesting, among other things, additional information regarding

the claimed attorney's fees ("Letters"). (Id.)   In response, TMS withdrew the

Notice and disclaimed any entitlement to the fees. (Id.)

Nonetheless, on November 26, 2019, Lewis initiated an adversary

proceeding against TMS. (Id. at 3).  After several amendments, Lewis filed a third

amended complaint alleging that TMS violated the Real Estate Settlement

Procedure Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*, and the Truth in Lending

Act ("TILA"), 15 U.S.C. § 1601, *et seq.* by failing to respond to his request for

information regarding the attorney's fees included in the Notice. (Id.)

During discovery, Lewis filed a contested motion to compel. The parties attempted to settle the dispute or at least narrow the issues through mediation. (Docs. 3-5 – 3-10). The mediation proved to be unsuccessful. (Doc. 3-22, Bankr. Opinion at 3). Later, Appellant accepted TMS's Rule 68 offer of judgment ("Rule 68 Offer") and the parties reported ongoing negotiations concerning attorney's fees and costs. (Bankr. Opinion at 3-4).

The parties were ultimately unable to resolve all fee and cost issues. (See Doc. 3-15). Nonetheless, they filed a stipulation identifying those amounts on which they agreed. (See Doc. 3-14). Appellant then filed a petition for attorney's fees seeking $81,678.68 in attorney's fees and $164.41 in costs. (Doc. 3-17). Following briefing and oral argument, the bankruptcy court concluded that the requested fees were excessive and awarded Lewis $63,108.43 in attorney's fees. (Doc. 3-22, Bankr. Opinion at 12-14). The bankruptcy court awarded Appellant the full amount of requested costs. (Id.)

Lewis now appeals, seeking reversal of the bankruptcy court's fee determination and an award of $81,678.68, as originally requested. (Doc. 10, Lewis Br. at 41).

**Jurisdiction**

This court has jurisdiction over the instant bankruptcy appeal pursuant to

28 U S C. § 158(a)(1), which provides that district courts have jurisdiction to hear

appeals from final judgments, orders, and decrees of the bankruptcy courts.

**Legal Standard**

This court reviews the bankruptcy court's conclusions of law "*de novo*, its

factual findings for clear error[,] and its exercise of discretion for abuse thereof."

*In re United Healthcare Sys., Inc.*, 396 F.3d 247, 249 (3d Cir. 2005) (internal

quotation marks omitted). The bankruptcy court's findings of fact will only be set

aside if clearly erroneous. FED. R. BANKR. P. 8013 ("On appeal the district court ...

may affirm, modify, or reverse a bankruptcy judge's judgment order, or decree or

remand with instructions for further proceedings. Findings of fact, whether based

on oral or documentary evidence, shall not be set aside unless clearly erroneous,

and due regard shall be given to the opportunity of the bankruptcy court to judge

the credibility of the witnesses.").

A factual finding by a bankruptcy court is clearly erroneous when "the

reviewing court on the entire evidence is left with the definite and firm conviction

that a mistake has been committed." In re CellNet Data Sys., Inc., 327 F.3d 242,

244 (3d Cir. 2003) (citing United States v. U.S. Gypsum Co., 333 U.S. 364, 395

(1948)).

4

A district court reviewing a mixed question of fact and law must disentangle the factual and legal issues and apply the appropriate standard of review to each. In re Montgomery Ward Holding Corp., 326 F.3d 383, 387 (3d Cir. 2003). A reviewing court must "apply a clearly erroneous standard to 'integral facts,' but exercise plenary review of the court's interpretation and application of those facts to legal precepts." In re Nortel Networks, Inc., 669 F.3d 128, 136–37 (3d Cir. 2011) (citation omitted).

**Analysis**

Appellant challenges the bankruptcy court's award of reasonable attorney's fees contending that the court improperly reduced those fees *sua sponte*. (Doc. 10, Lewis Br. at 2-3). TMS, by contrast, urges this court to affirm the award. (Doc. 11, TMS Br. at 22). The court will first set forth the governing legal framework before discussing attorney's fees determination.

**1.     Legal Framework**

This bankruptcy appeal is highly contentious. To avoid confusion, a discussion of the legal principles guiding district courts in determining reasonable attorney's fees is warranted.

Under the "American Rule," a prevailing party is generally not entitled to attorney's fees from the losing party. Lackey v. Stinnie, 604 U.S. 192, 192-93 (2025) (citing Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 249

(1975). That said, each litigant pays his or her own attorney's fees regardless of

the outcome. <u>Baker Botts L.L.P. v. ASARCO LLC</u>, 576 U.S. 121, 126 (2015).

Like most rules, however, this one is subject to exceptions.  One such exception

arises when a statute or contract provides for an award of attorney's fees to the

prevailing party. <u>Id.</u> (citing <u>Hardt v. Reliance Standard Life Ins. Co.</u>, 560 U.S. 242,

252–53 (2010)).

     A "prevailing party" or "successful party" is "one who has been awarded

some relief by the court." <u>Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't

of Health & Hum. Res.</u>, 532 U.S. 598, 603 (2001).  "A party in whose favor a

judgment is rendered, regardless of the amount of damages awarded" is a

prevailing party for purposes of the various federal fee-shifting statutes. <u>Id.</u>

Likewise, the fact that a party prevailed through a settlement rather than through

litigation does not alter that result. <u>Maher v. Gagne</u>, 448 U.S. 122, 129 (1980).

     As the bankruptcy court correctly pointed out, Appellant is a prevailing party

here given that under the Rule 68 Offer, he was awarded a $6,000.00 judgment

"in satisfaction of all claims." (Doc. 3-22, Bankr. Opinion at 8).  Lewis has thus

succeeded on his TILA and RESPA claims.  Accordingly, the court turns to

whether Appellant possesses contractual or statutory rights to recover attorney's

fees.

*Contractual rights under Rule 68 Offer* – Starting with the contractual right, the Third Circuit has explained that a Rule 68 offer of judgment "is intended to promote the amicable resolution of cases." Lima v. Newark Police Dep't, 658 F.3d 324, 326 (3d Cir. 2011). A Rule 68 offer of judgment may provide that a judgment includes costs and attorney's fees. See Marek v. Chesny, 473 U.S. 1, 6 (1985). Generally, the text of an offer of judgment is interpreted according to basic contract principles. M3 USA Corp. v. Hart, No. CV 20-5736, 2021 WL 2917374, at *5 (E.D. Pa. July 9, 2021).

Under Pennsylvania law, issues of contract interpretation are questions of law. Id. The general rule of contract interpretation under Pennsylvania law is "the intent of the parties to a written contract is contained in the writing itself." Bohler-Uddeholm Am., Inc. v. Ellwood Grp., Inc., 247 F.3d 79, 92 (3d Cir. 2001). If "the intention of the parties is clear, there is no need to resort to extrinsic aids or evidence, instead, the meaning of a clear and unequivocal written contract must be determined by its contents alone." Id. On the other hand, "[a] contract is ambiguous if it may reasonably be construed in more than one way." M3 USA Corporation, 2021 WL 2917374 at *5. However, any ambiguity in a Rule 68 offer of judgment is resolved against the offeror. Id. (citing Lima, 658 F.3d at 330).

Here, the basis for awarding attorney's fees is the language of the Rule 68 Offer, which provides that: "[TMS] . . . hereby offers to allow a judgment to be

7

taken against it in satisfaction of all claims by . . . Lewis, in the amount of $6,000, **plus an additional amount for costs and reasonable attorney's fees**." (Doc. 3-16, Ex. A, Offer of Judgment). The bankruptcy court correctly concluded that the language of the Rule 68 Offer is clear and unambiguous, thereby entitling Appellant to recover attorney's fees.

*Statutory right for attorney's fees* – Judge Conway also noted that both TILA and RESPA allow an award of reasonable attorney's fees in case of any successful action. See 15 U.S.C. § 1640(a)(3) (TILA) and 12 U.S.C. §2605(f)(3) (RESPA).

*Prevailing source* – Although TILA and RESPA address attorney's fees, the bankruptcy court properly relied on the Rule 68 Offer's plain language in awarding attorney's fees to Appellant. That approach was appropriate because the principles governing statutory fee awards are not applicable when a Rule 68 offer of judgment explicitly provides for attorney's fees. See Miller v. City of Portland, 868 F.3d 846, 851 (9th Cir. 2017); see also M3 USA Corporation, 2021 WL 2917374, at *6. The bankruptcy court thus correctly concluded that Lewis was entitled to attorney's fees based on the plain language of the Rule 68 Offer.[2]

---

[2] Judge Conway properly declined TMS's argument based on the principles governing statutory fee awards. TMS argued before the bankruptcy court that under Marek, 473 U.S. at 8–9, a Rule 68 offer of judgment included attorney's fees only when the underlying statute defines "costs" to include attorney's fees. (Doc. 3-19 at 5-6). Judge Conway held that the underlying statutes involved here (TILA and RESPA) do not define attorney's fees as part of the costs and therefore, Lewis would not be entitled to attorney's fees under the "costs"

## 2.    Award of Attorney's Fees

Turning to the amount of attorney's fees awarded, Appellant contends that the bankruptcy court acted improperly when it reduced his attorney's fees *sua sponte*. (Doc. 10, Lewis Br. at 2-3).  TMS disputes this contention. (Doc. 11, TMS Br. at 12-13).  TMS asserts that the bankruptcy court did not act on its own initiative but instead ruled on TMS's objections. (Id. at 14-18).

### a. The bankruptcy court did not act *sua sponte*

Courts in the Third Circuit assess requests for attorney's fees by using the lodestar method. S.S. Body Armor I., Inc. v. Carter Ledyard & Milburn LLP, 927 F.3d 763, 773 (3d Cir. 2019); see also Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990).  Under this formula, a court determines the reasonable fee "by multiplying the number of hours . . . reasonably worked on a client's case by a reasonable hourly billing rate for such services given the geographical area, the nature of the services provided, and the experience of the lawyer." Id.

The party seeking attorney's fees bears the burden of proving the reasonableness of their request.  Rode, 892 F.2d at 1183; see also Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984).  The failure to make a *prima facie*

---

provision of Rule 68 of the Federal Rules of Civil Procedure. (Doc. 3-22, Bankr. Opinion at 5 n. 3).  Nevertheless, Judge Conway explained that Lewis is entitled to attorney's fees based on the plain language of the Rule 68 Offer, not based on principles governing statutory fee awards.

9

showing that counsel's proposed rates and hours are reasonable provides courts

with discretion to deny a motion for attorney's fees. See Martin v. Boeing Co.,

No. CV 20-5401, 2025 WL 1093802, at *4 (E.D. Pa. Apr. 11, 2025).  However,

"[w]hen the applicant for a fee has carried his burden of showing that the claimed

rates and number of hours are reasonable, the resulting product is presumed to

be the reasonable fee to which counsel is entitled." Maldonado v. Houstoun, 256

F.3d 181, 184 (3d Cir. 2001) (citation omitted).

In this matter, Lewis submitted counsel's billing records containing time

entries in support of his petition for attorney's fees before Judge Conway. (Doc.

3-17).  TMS lodged multiple objections to the Appellant's attorney's fees, arguing

that Appellant's counsel, was "off to the races pumping up his fees[,]" that he and

his colleagues billed excessive amounts, and that counsel "continued on his

fishing expedition, racking up over $50,000.00 in additional fees before accepting

TMS'[s] . . .  Offer of Judgment." (Doc. 3-19 at 18). TMS further asserted that

Appellant's counsel "manufactured affirmative claims under RESPA and TILA by

requesting information on behalf of [Appellant] that was of no actual value to

[him]." (Id. at 15).

A party opposing a fee request has the burden of challenging the

reasonableness of the fees with sufficient specificity. United States ex rel. Palmer

v. C&D Techs., Inc., 897 F.3d 128, 139 (3d Cir. 2018); Bell v. United Princeton

Props., Inc., 884 F.2d 713, 715 (3d Cir. 1989). "Once the challenging party does

so, "the district court has a great deal of discretion to adjust the fee award in light

of those objections." United States ex rel. Palmer, 897 F.3d at 139 (quoting

Rode, 892 F.2d at 1183)).

Here, as Judge Conway determined, TMS's objections to the Appellant's

fees were generalized and "based on a blanket statement that the professional

fees were wholly unreasonable, citing over 183 hours of time spent on [Lewis's]

claim that TMS allegedly failed to respond to the Letters." (Doc 3-22, Bankr.

Opinion at 12; Doc. 4, Hearing Transcript at 72; Doc. 3-19 at 10). Although TMS

contended that Appellant was not entitled to attorney's fees, TMS failed to state a

specific amount by which the petition should be reduced. (See Doc. 3-19 at 7,

10).[3]

Nevertheless, TMS's objections are not without significance since "a party

challenging a fee petition need not always challenge specific time entries and

have the court find that some 'specific time entry was unreasonable or

unnecessary' . . . in order to prevail." Bell v. United Princeton Props., Inc., 884

F.2d 713, 720 (3d Cir. 1989). As the Third Circuit has stated, "[i]t would be

nearly impossible, or at least extraordinarily burdensome, for parties who wish to

---

[3] Judge Conway did explicitly express his frustration with TMS's general objections. (Doc. 3-22, Bankr. Opinion at 11-12).

contend that the time spent by a fee applicant was excessive . . . to point to all the entries that they believe to be unreasonable." Id. Thus, a party challenging a fee petition need not point to each individual excessive entry. Id.

Based on Appellant's objections, the bankruptcy court decided to review the case docket and thoroughly examine the invoices submitted. (Doc. 3-22, Bankr. Opinion at 12-13). Hence, the bankruptcy court did not act *sua sponte*.

### b. Reduction of attorney's fees was proper

Moving to the award of attorney's fees, two components must be examined: 1) the attorney's hourly rate; and 2) the number of hours.

With respect to the hourly rates, the parties stipulated to the reasonable rates to be charged by Appellant's professionals as follows: 1) $415.00 per hour for Carlo Sabatini, Esq.; 2) $350.00 per hour for Brett Freeman, Esq.; and 3) $150.00 per hour for Ashley Werner, paralegal. (Doc. 3-14, Stipulation ¶ 4). The bankruptcy court did not disturb the hourly rates. (Doc. 3-22, Bankr. Opinion at 10 n. 7). Neither will this court as TMS is not disputing them.

As for the number of hours worked, time entries must be sufficiently specific to enable the court to assess the reasonableness of the hours claimed for the work performed. Washington v. Philadelphia Cnty. Ct. of Common Pleas, 89 F.3d 1031, 1037 (3d Cir. 1996). District courts are obligated to exclude hours that were not reasonably expended, including those that are excessive,

12

redundant, or otherwise unnecessary. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983). The Third Circuit has emphasized the necessity for district courts to meticulously review billing records supporting a fee request, requiring a "line, by line, by line" examination. <u>Interfaith Cmty. Org. v. Honeywell Int'l, Inc.</u>, 426 F.3d 694, 713 (3d Cir. 2005), <u>as amended</u> (Nov. 10, 2005) (citation omitted).

Here, Judge Conway reduced Appellant's requested attorney's fees by $18,570.25, resulting in an attorney's fees award of $63,108.43. (Doc. 3-22, Bankr. Opinion at 13). Appellant argues before this court that Judge Conway disallowed time entries that TMS had agreed were reasonable or that his counsel had already discounted. (Doc. 10, Lewis Br. at 15). Per Appellant, the bankruptcy court abused its discretion. The court disagrees.

A court is not obligated to endorse an inappropriate order simply due to a lack of objection from a defaulting party. <u>See</u> <u>McKenna v. City of Philadelphia</u>, 582 F.3d 447, 459, n.13 (3d Cir. 2009). Instead, courts maintain "an active and affirmative function in the fee-fixing process," extending beyond a passive acceptance of submitted requests. <u>Maldonado</u>, 256 F.3d at 184. When a lawyer's time is not reasonably expended, a court may exclude such time from calculation of the lodestar. <u>Hensley</u>, 461 U.S. at 433. The Third Circuit does not "approve the wasteful use of highly skilled and highly priced talent for matters easily

13

delegable to non-professionals or less experienced associates." Ursic v.
Bethlehem Mines, 719 F.2d 670, 677 (3d Cir. 1983).

Under the law, Judge Conway had an active and affirmative function in
determining the award of attorney's fees. Further, any prior stipulation by TMS
as to the reasonableness of particular time entries was effectively withdrawn
when TMS opposed the fee petition.[4] Thus, the bankruptcy court did not abuse
its discretion in revisiting all the time entries of Appellant's professionals.

The fees at issue on appeal relate to briefing and communications. The
court will address each in turn.

With regard to briefing, the Third Circuit has determined that three hours
per page was a reasonable amount of time to spend on preparation of an
appellate brief, consisting of one uncomplicated issue which had been briefed by
parties and discussed at length in a "well-written and thorough opinion" at the
district court level. Maldonado, 256 F.3d at 185–87. However, this rule is only a
starting point as courts also consider the complexity of the issues presented, the
attorney's experience, and the procedural posture of the case. See Walton v.
Massanari, 177 F. Supp. 2d 359, 365 (E.D. Pa. 2001) (holding that two hours per
page was reasonable for an appellate brief in a case involving simple legal

---

[4] The stipulation Appellant is referring to grants TMS "the right to argue that no award of fees is appropriate, and that therefore no fee at all should be awarded." (Doc. 3-14, Stipulation ¶ 9).

14

issues but a detailed fact-specific record); Migliori v. Lehigh Cnty. Bd. of

Elections, No. 22-CV-397, 2025 WL 2493843, at *4 (E.D. Pa. May 19, 2025),

report and recommendation adopted, No. CV 22-397, 2025 WL 2493838 (E.D.

Pa. July 31, 2025) (holding that a work rate of 1.7 hours per page was

reasonable for a brief accompanying a petition for a temporary restraining order);

Styers v. Pennsylvania, 621 F. Supp. 2d 239, 245 (M.D. Pa. 2008) (holding that

3.6 hours per page was reasonable for a brief opposing a motion for summary

judgment in a fairly straightforward case presenting no particularly difficult or

novel legal issues).

*Motion to compel, brief in support, and reply brief* – Judge Conway

explained that:

> During the discovery phase of this litigation, [Lewis] filed a
> Motion to Compel Discovery on June 29, 2021, Dkt. # 65,
> with a supporting brief filed on July 9, 2021, Dkt. # 66.
> [Lewis's] Counsel spent 3.2 hours researching and 15.7
> hours drafting the brief. The Court finds the time expended
> relating to a motion to compel discovery to be excessive
> and will reduce the fees by twelve hours. The reduction
> equates to $4,200 ($350/hr. x 12). Plaintiff's Counsel
> expended 11.5 hours on discussing and drafting the reply
> brief, Dkt # 77. This too was excessive and the fees will be
> reduced by 8 hours, *i.e.*, $2,800 ($350/hr. x 8).

(Doc. 3-22, Bankr. Opinion at 13).

Turning to the motion to compel, the motion itself spans four pages

(excluding exhibits), while the supporting brief is sixteen pages long. (Docs. 3-5,

3-6).  The supporting brief largely consists of the Appellant's discovery requests and TMS's corresponding objections.  As for the reply brief, it spans twelve pages, excluding exhibits. (Doc. 3-9).  Upon careful review of both briefs the court finds that the reduction in hours was appropriate and the bankruptcy court did not abuse its discretion in doing so.

*Brief in support of the fee petition* – Per Judge Conway:

> In November 2022, Plaintiff's Professionals spent a combined 8.3 hours to draft a brief in support of the Fee Petition. The Court finds that the time spent was excessive for a ten-page brief. The fees will be reduced by 3 hours for each attorney, *i.e.*, $2,295 (($415 x 3) + ($350 x 3)).

(Doc. 3-22, Bankr. Opinion at 13).

As for the brief in support of the fee petition, it consists of ten pages. (See Doc. 3-18).  Attorney Sabatini billed 5.30 hours to "finish the brief." (Doc. 3-17 at ECF pp. 23-24).  A total of 8.3 hours was excessive for a brief in support of a fee petition where, by the Appellant's counsel own admission, most issues had already been resolved by agreement.  Additionally, the issue of attorney's fees is neither novel nor unusually complex.  In light of Appellant's counsel's "significant experience relating to disputes over the reasonableness of attorney's fees[,]" the bankruptcy court's reduction was reasonable. (See Doc. 3-22, Bankr. Opinion at 13 n. 11).

16

*Reply brief in support of the fee petition* – According to the bankruptcy court:

> Lastly, Plaintiff's Counsel billed 30.1 hours for the reply brief in support of the Fee Petition, Dkt. # 131. Counsel discounted this amount by 6.8 hours. The Court finds the time expended was still excessive and will reduce the fees by 15 hours, *i.e.*, $6,225 ($415/hr. x 15).

(Doc. 3-22, Bankr. Opinion at 14).

With respect to the reply brief in support of the fee petition, it spans eighteen pages, excluding exhibits. (Doc. 3-20). For the same reasons discussed above, the hours expended on this brief were excessive. Notably, four pages were devoted to a section entitled "who is to blame for not settling" which largely recites the procedural history. Given the Appellant's counsel's familiarity with the issues and the procedural posture of the case, the expenditure of 30.1 hours on such a brief is out of proportion here. Moreover, Appellant's counsel's discount of only 6.8 hours was negligible and a further reduction was warranted. Accordingly, the bankruptcy court's reduction was reasonable and appropriate.

*Time entries for .1 hours* – As for time entries regarding communication, Judge Conway also noted that:

> TMS objects to 98 entries of .1 hours totaling $4,067. TMS' Brief at 18. Like in <u>Badyrka</u>, the Court finds Mr. Sabatini's entries for almost every conceivable communication, no matter how minor, to lack billing judgment and will reduce these entries by 75% or $3,050.25. <u>See</u> <u>In re Szymczak,</u> <u>246</u> B.R.774, 783 (Bankr. D. N.J. 2000) ("In reviewing

> Applicant's time records, it appears the Debtors were billed
> every time Applicant picked up the telephone, uttered the
> Debtors' name, or looked at the Debtors' case; even where
> nothing meaningful occurred.").

(Doc. 3-22, Bankr. Opinion at 13).

Upon careful examination of the foregoing time entries, the court agrees

with the bankruptcy court and concludes that they reflect a lack of billing

judgment. See In re Busy Beaver Bldg. Centers, Inc., 19 F.3d 833, 854 (3d Cir.

1994) ("a bankruptcy judge's experience with fee petitions and his or her expert

judgment pertaining to appropriate billing practices, founded on an understanding

of the legal profession, will be the *starting point* for any analysis."). These entries

appear excessive and warrant reduction.

In sum, nothing in the bankruptcy court's decision indicates clear error in its

factual findings or an abuse of discretion. Accordingly, this court will affirm Judge

Conway's determination of Appellant's attorney's fees.

Regarding Appellant's request for oral argument, a district court may deny

such request if it "determines that oral argument is unnecessary because . . . the

facts and legal arguments are adequately presented in the briefs and record, and

the decisional process would not be significantly aided by oral argument." FED.

R. BANKR. P. 8019 (b)(3). Here, the court is satisfied that the parties'

submissions and the record adequately present the relevant facts and legal

arguments. Therefore, Appellant's request for oral argument will be denied.

## Conclusion

For the reasons set forth above, Lewis's bankruptcy appeal and request for oral argument will be denied.  An appropriate order follows.

Date: _1/23/26_

_____
**JUDGE JULIA K. MUNLEY**
**United States District Court**

19