In the
# United States Court of Appeals for the Third Circuit

Case No. 26-1389

CLARENCE W. LEWIS, JR.,
*Appellant*,

v.

THE MONEY SOURCE, INC.,
*Appellee*.

*On Appeal from an Order entered by the United States District Court for the Middle District of Pennsylvania*

## BRIEF OF APPELLEE THE MONEY SOURCE, INC.

Matthew M. Haar, Esq.
SAUL EWING LLP
2 N. Second Street, Seventh Floor
Harrisburg, PA 17101
Phone: (717) 257-7508
Fax: (717) 238-4622
Matt.Haar@saul.com

Daniel M. Moore, Esq.
SAUL EWING LLP
1001 Fleet Street, Ninth Floor
Baltimore, MD 21202
Phone: (410) 332-8734
Fax: (410) 332-8862
Daniel.Moore@saul.com

*Counsel for Appellee*

# TABLE OF CONTENTS

**Page**

**INTRODUCTION** .......... 1
**STATEMENT OF JURISDICTION** .......... 2
**STATEMENT OF THE ISSUES** .......... 2
**STATEMENT OF RELATED CASES AND PROCEEDINGS** .......... 2
**STATEMENT OF THE CASE** .......... 2
I. **The Underlying Proceedings** .......... 2
A. Lewis Files for Bankruptcy .......... 3
B. The Adversary Proceeding .......... 4
II. **Lewis's Petition for Attorneys' Fees and Costs** .......... 5
A. The Bankruptcy Court's Methodology in Analyzing a Reasonable Fee .......... 6
B. The Bankruptcy Court's Reductions Related to Briefing .......... 7
1. *Motion to Compel Discovery* .......... 8
2. *Reply in Support of Motion to Compel Discovery* .......... 9
3. *Brief in Support of Fee Petition* .......... 10
4. *Reply Brief in Support of Fee Petition* .......... 11
C. The Bankruptcy Court's Reductions Related to Communications .......... 12
D. The Bankruptcy Court Finds a Reasonable Fee .......... 13
III. Proceedings in the District Court .......... 13
**STANDARD OF REVIEW** .......... 14
**SUMMARY OF THE ARGUMENT** .......... 14
**ARGUMENT** .......... 17
I. **The Bankruptcy Court Properly Calculated and Awarded Reasonable Attorneys' Fees.** .......... 17
A. The Award of Reasonable Attorneys' Fees Pursuant to A Rule 68 Offer of Judgment is a Matter of Contract .......... 17

B. The Bankruptcy Court Reduced Fees Based on Objections Raised by TMS and Arguments Fully Litigated by Lewis ....19

1. *TMS's Objections Were Sufficiently Specific.* ....19

2. *The Bankruptcy Court Tied its Analysis to TMS's Objections* ....23

3. *The Bankruptcy Court's Reductions Need Not Exactly Match TMS's Objections* ....24

C. The Bankruptcy Court Conducted the Exact Lodestar Analysis Required by Supreme Court and Third Circuit Precedent ....26

**CONCLUSION** ....29

# TABLE OF AUTHORITIES

## CASES

*Arches Condominium Ass'n v. Robinson*,
131 A.3d 122 (Pa. Commw. Ct. 2015) ........................................................18, 27

*Arreaga Bravo v. Att'y Gen.*,
27 F.4th 182 (3d Cir. 2022) .........................................................................23

*Bell v. United Princeton Properties, Inc.*,
884 F.2d 713 (3d Cir. 1989) ...............................................................16, 24, 26

*Hensley v. Eckerhart*,
461 U.S. 424 (1983)......................................................................................26

*In re Badyrka*,
No. 5:20-03618-MJC, 2022 WL 4656034 (Bankr. M.D. Pa. Sep. 30, 2022) ....28

*In re Google Inc. Cookie Placement Consumer Privacy Litig.*,
806 F.3d 125 (3d Cir. 2015) ....................................................................18, 29

*In re Gordon-Brown*,
340 B.R. 751 (Bankr. E.D. Pa. 2006) ..............................................................18

*In re Pursuit Capital Mgmt.*,
874 F.3d 124 (3d Cir. 2017) ..........................................................................14

*Interfaith Cmty. Org. v. Honeywell Int'l Inc.*,
426 F.3d 694 (3d Cir. 2005) ..........................................................................14

*Laurel Gardens, LLC v. McKenna*,
948 F.3d 105 (3d Cir. 2020) ....................................................................18, 29

*Lewis v. The Money Source, Inc.*,
Adv. No. 5:23-ap-00007-MJC (Bankr. M.D. Pa.)..............................................2

*M3 USA Corp. v. Hart*,
No. 20-5736, 2021 WL 2917374 (E.D. Pa. July 9, 2021).................................17

*Maldonado v. Houstoun*,
256 F.3d 181 (3d Cir. 2001) ..........................................................................27

*Miller v. City of Portland*,
868 F.3d 846 (9th Cir. 2017) .......... 17

*Rode v. Dellarciprete*,
892 F.2d 1177 (3d Cir. 1990) .......... 27

*United States ex rel. Palmer v. C&D Techs., Inc.*,
897 F.3d 128 (3d Cir. 2018) .......... 26

**STATUTES**

28 U.S.C. § 157 .......... 2

28 U.S.C. § 158 .......... 2

28 U.S.C. § 1334 .......... 2

Real Estate Settlement Procedures Act ("RESPA"),
12 U.S.C. §§ 2601 *et seq.* .......... *passim*

Truth in Lending Act ("TILA"),
15 U.S.C. §§ 1601 *et seq*. .......... *passim*

**OTHER AUTHORITIES**

Fed. R. App. P. 4 .......... 2

Fed. R. App. P. 6 .......... 2

Fed. R. Civ. P. 68 .......... *passim*

# **GLOSSARY**

| | |
|---|---|
| Bankruptcy Court | U.S. Bankruptcy Court for the Middle District of Pennsylvania |
| District Court | U.S. District Court for the Middle District of Pennsylvania |
| JA | Joint Appendix |
| Lewis | Appellant Clarence W. Lewis, Jr. |
| RESPA | Real Estate Settlement Procedures Act (“RESPA”), 12 U.S.C. §§ 2601 *et seq.* |
| TILA | Truth in Lending Act (“TILA”), 15 U.S.C. §§ 1601 *et seq*. |
| TMS | Appellee The Money Source, Inc. |

# INTRODUCTION

This case began as a dispute over $900, for which Appellee, The Money Source, Inc. ("TMS") ultimately disclaimed any entitlement. The narrow issue on appeal turns on what amounts to "reasonable" attorneys' fees after the substance of the case resolved pursuant to an offer of judgment under Federal Rule of Civil Procedure 68 in the amount of $6,000.

Appellant, Clarence W. Lewis, Jr. ("Lewis") sought an award of attorneys' fees totaling $81,678.68—more than ninety times the amount in dispute and more than thirteen times the ultimate settlement—and $164.61 in costs. After extensive briefing, a hearing, and a thorough review of supporting invoices, the U.S. Bankruptcy Court for the Middle District of Pennsylvania ("Bankruptcy Court") awarded Lewis $63,108.43 in reasonable attorneys' fees and the full amount of costs. Dissatisfied with the Bankruptcy Court's award of more than 77% of the requested fee, Lewis noted an appeal.

The U.S. District Court for the Middle District of Pennsylvania ("District Court") affirmed the Bankruptcy Court's order in full. But Lewis persists. He now asks this Court to reverse the Bankruptcy Court's modest reduction of $18,570.25 and the District Court's well-reasoned opinion affirming it. Because the Bankruptcy Court soundly exercised its discretion in determining a reasonable fee, and because its factual findings are not clearly erroneous, this Court should affirm.

## STATEMENT OF JURISDICTION

The Bankruptcy Court had jurisdiction under 28 U.S.C. §§ 157, 1334. The District Court had subject matter jurisdiction under 28 U.S.C. § 158(a)(1).

This Court has jurisdiction under 28 U.S.C. § 158(d)(1) because the District Court entered a memorandum opinion and order on January 23, 2026. **JA 3–21, 22**. Lewis filed a timely Notice of Appeal on February 21, 2026. **JA 1**; s*ee* Fed. R. App. P. 4(a)(1)(A); Fed. R. App. P. 6.

## STATEMENT OF THE ISSUES

1. Whether the Bankruptcy Court appropriately determined the amount of reasonable attorneys' fees payable pursuant to an offer of judgment made pursuant to Federal Rule of Civil Procedure 68 when it awarded Lewis $63,108.43?

## STATEMENT OF RELATED CASES AND PROCEEDINGS

This case has not been before this Court previously. *Lewis v. The Money Source, Inc.*, Adv. No. 5:23-ap-00007-MJC (Bankr. M.D. Pa.) is a related proceeding within the meaning of Local Appellate Rule 28.1(a)(2).[1]

## STATEMENT OF THE CASE

### I. The Underlying Proceedings

The merits of the underlying bankruptcy and adversary proceedings are not essential to resolve the instant appeal, but TMS provides a brief summary here.

[1] The Bankruptcy Court closed this adversary proceeding on July 31, 2024.

### *A. Lewis Files for Bankruptcy*

On April 30, 2019, Lewis filed a Chapter 13 Voluntary Petition for Individuals Filing for Bankruptcy. *See In re: Clarence William Lewis, Jr.*, No. 5:19-bk-01873 (M.D. Pa. Bankr.); **JA 24**. On July 24, 2019, the Court confirmed Lewis's First Amended Chapter 13 Plan (the "Amended Plan"). *Id.* (Docs. 34 & 38); **JA 24**. On July 3, 2019, before the Court approved the Amended Plan, TMS filed a Notice of Postpetition Mortgage Fees, Expenses, and Charges (the "Notice"). *Id*. (Doc. 9-1 at 1, 3; Doc. 41); **JA 24**. The Notice listed attorneys' fees incurred by TMS's outside counsel reviewing the impact of the Amended Plan on Lewis's obligations under a loan and mortgage that Lewis executed in TMS's favor. *Id.* (Doc. 9 at ¶ 6; Doc. 9-1 at 1, 3); **JA 24**.

Counsel for Lewis perceived the fees in the Notice ($900) to be "unreasonably large," and sought information from TMS's in-house and former outside counsel regarding how the fees were calculated. *Id.* (Doc. 9-1 at 1, 3). While still in close contact with TMS's counsel, on August 6, 2019 and September 27, 2019, Counsel for Lewis sent two letters directly to TMS (the "Letters"), without a copy to counsel, that were in essence discovery requests related to the Notice. *Id.* (Doc. 9-1); **JA 24**. Counsel for Lewis requested the same information about which he had been communicating with TMS's counsel, and in an apparent attempt to invoke RESPA

and TILA, he included a request for any estimate of the value of the property, a payoff statement, and the name and address of the owner of the loan.

In response to discussions with Counsel for Lewis and the Letters, on October 7, 2019, TMS withdrew the Notice, thereby disclaiming any entitlement to the $900 in attorneys' fees it expended in response to Lewis's Bankruptcy Petition. *Id.* (Doc. 41); **JA 24**.

### *B. The Adversary Proceeding*

In the adversary proceeding, Lewis claimed that TMS's failure to respond to the Letters violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq.*, and Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq*. *See generally*, **JA 57–65**. However, given TMS's withdrawal of the Notice, and the Bankruptcy Court's dismissal of Count I in Lewis's complaint alleging a qualified written request ("QWR") (Doc. 55), Lewis's only entitlement to relief, at best, comprises the minimal statutory damages provided under RESPA and TILA.

In light of the minimal damages available to Lewis, TMS sought early on to amicably resolve this matter through Offers of Judgment pursuant to Fed. R. Civ. P. 68. On January 23, 2020 and April 2, 2020, TMS served offers of judgment on Lewis. At no time did Lewis have any out-of-pocket losses related to the Letters, and Counsel for Lewis's reasonable fees related to the Letters at that point could have been easily covered by splitting a $7,000 Offer of Judgment with Lewis. But

the litigation dragged on for years. On March 16, 2022, following mediation and in an effort to cease Counsel for Lewis's unabashed crusade to generate unending legal fees, TMS offered to settle for $6,000 and reserved all rights to contest the anticipated fee application ("Rule 68 Offer"). **JA 103**. On March 24, 2022, Lewis accepted TMS's Rule 68 Offer. **JA 101**.

## II. Lewis's Petition for Attorneys' Fees and Costs

After accepting the Offer of Judgment, Lewis filed a Petition for Attorney's Fees and Costs (the "Fee Petition") seeking attorneys' fees and costs totaling $66,678.68. **JA 104**. As described below, Lewis supplemented the Fee Petition to account for time expended after filing in the amount of $15,000. **JA 262; JA 274–75**. Lewis sought a total of $81,678.68 in attorneys' fees and $164.61 in costs.

In support of his Fee Petition, Lewis submitted: (1) "Exhibit A1," invoices which Lewis described as "unchallenged amount[s] through March 24, 2022", **JA 105–21**; (2) "Exhibit A2," invoices which Lewis described as "disputed amount[s] through March 24, 2022", **JA 122–25**; (3) "Exhibit B," invoices from October 28, 2022 to December 8, 2022, **JA 126–27**; and (4) a brief in support of the Fee Petition, **JA 128–37**.

TMS opposed the Fee Petition, **JA 138–63**, and Lewis filed a reply in support thereof, **JA 164–87**. The Bankruptcy Court held a hearing on the Fee Petition on January 31, 2023. **JA 197–273**. At the hearing, Lewis sought an additional $15,000.

**JA 262.** In support of that request, Lewis offered, and the Court received, an additional invoice for time spent after the filing of the Fee Petition. **JA 274–75**.

After hearing argument on the Fee Petition, the Bankruptcy Court entered a reasoned Opinion, **JA 23–36**, and Order, **JA 37**, granting in part and denying in part the Fee Petition. More specifically, the Bankruptcy Court determined that Counsel for Lewis "is entitled to attorney's [sic] fees under the terms of the terms of Rule 68 Offer" and that the limiting "parameter[]" is that such fees must be "reasonable." **JA 32**.

### ***A. The Bankruptcy Court's Methodology in Analyzing a Reasonable Fee***

In evaluating the Fee Petition in light of the Rule 68 Offer, the Bankruptcy Court described its methodology:

> In determining a reasonable fee, courts frequently employ the lodestar method. In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court explained that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." After calculating this "lodestar" amount, the court should then determine whether "other considerations" warrant increasing or decreasing the lodestar amount. *Id.* at 434. As explained in *Hensley*, these "other considerations" include the following twelve factors:
>
>> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the

> attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

> *Id.* at 430 n. 3 (quoting *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). Also, the Court must exclude time that is not reasonably expended, which includes excessive, redundant, or otherwise unnecessary hours. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (citing *Hensley*, 461 U.S. at 434)). A party opposing a fee request has the burden to challenge the reasonableness of the fees with sufficient specificity. *M3 USA Corp.* [*v. Hart*, No. 20-5736, 2021 WL 2917374], 2021 WL 2917374 at *6 [(E.D. Pa. July 9, 2021)] (citing *United States ex rel. Palmer v. C&D Techs., Inc.*, 897 F.3d 128, 139 (3d Cir. 2018)); *accord Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 715 (3d Cir. 1989). "Once the challenging party does so, the district court has a great deal of discretion to adjust the fee award in light of those objections." *C&D Techs., Inc.*, 897 F.3d at 139 (quoting *Rode*, 892 F.2d at 1183)) (internal quotation marks omitted).

**JA 32–33** (footnote omitted). After characterizing TMS's objections to the Fee Petition—which TMS addresses in greater detail below—the Court expressly acknowledged that it would limit its "review of the time entries" for "excessive time spent." **JA 34**. Based on the Bankruptcy Court's "review of the case docket," its "experience," and "a thorough review of the invoices submitted," the Bankruptcy Court determined that "several time entries appear[ed] to be excessive." **JA 34–35** (emphasis added).

### *B. The Bankruptcy Court's Reductions Related to Briefing*

The Bankruptcy Court found that Counsel for Lewis recorded an excessive amount of time in researching and preparing four briefs: (1) a motion to compel

discovery; (2) a reply in support of the motion to compel discovery; (3) a brief in support of the Fee Petition; and (4) a reply in support of the Fee Petition. Below are Counsel for Lewis's time entries for each brief, and the Bankruptcy Court's related findings.

### *1. Motion to Compel Discovery*

Counsel for Lewis recorded the following time entries for research relating to the motion to compel discovery:

| **Date** | **Narrative** | **Billing Attorney** | **Hours Recorded** | **Amount Due** | **JA Cite** |
|---|---|---|---|---|---|
| 5/26/2021 | Research regarding consequences for failing to raise issues during the good-faith conference | BF ($350) | 0.90 | $315 | **JA 123** |
| 5/28/2021 | Research for brief | BF ($350) | 1.9 | $665 | **JA 123** |
| 6/1/2021 | Continue researching for brief | BF ($350) | 0.4 | $140 | **JA 123** |

Counsel for Lewis recorded the following time entries for drafting Lewis's brief in support of the motion to compel:

| **Date** | **Narrative** | **Billing Attorney** | **Hours Recorded** | **Amount Due** | **JA Cite** |
|---|---|---|---|---|---|
| 6/15/2021 | Draft brief | BF ($350) | 2.3 | $805 | **JA 123** |
| 6/17/2021 | Continue drafting brief | BF ($350) | 2.5 | $875 | **JA 123** |

| | | | | | |
|---|---|---|---|---|---|
| 6/23/2021 | Continue drafting brief | BF ($350) | 2.2 | $770 | **JA 123** |
| 7/6/2021 | Continue drafting brief | BF ($350) | 2.6 | $910 | **JA 123** |
| 7/7/2021 | Continue drafting brief | BF ($350) | 2.8 | $980 | **JA 123** |
| 7/8/2021 | Continue drafting brief | BF ($350) | 3.3 | $1,155 | **JA 123** |

In awarding a reasonable fee, the Bankruptcy Court reduced this time by twelve hours, reasoning:

> During the discovery phase of this litigation, Plaintiff filed a Motion to Compel Discovery on June 29, 2021, Dkt. # 65, with a supporting brief filed on July 9, 2021, Dkt. # 66. Plaintiff's Counsel spent 3.2 hours researching and 15.7 hours drafting the brief. The Court finds the time expended relating to a motion to compel discovery to be excessive and will reduce the fees by twelve hours. The reduction equates to $4,200 ($350/hr. x 12).

**JA 35**.

### 2. *Reply in Support of Motion to Compel Discovery*

Counsel for Lewis recorded the following time entries in relation to Lewis's reply brief in support of the motion to compel:

| **Date** | **Narrative** | **Billing Attorney** | **Hours Recorded** | **Amount Due** | **JA Cite** |
|---|---|---|---|---|---|
| 7/23/2021 | Conference with BF to work on brief | CS ($415) | 2.4 | $996 | **JA 124** |
| 7/26/2021 | Draft reply brief in support of motion to compel | BF ($350) | 5.4 | $1,890 | **JA 124** |

| | | | | | |
|---|---|---|---|---|---|
| 7/27/2021 | Continue drafting brief | BF ($350) | 2.5 | $875 | **JA 124** |
| 8/2/2021 | Finalize brief with CS | BF ($350) | 0.8 | $280 | **JA 124** |
| 8/3/2021 | Conference with CS regarding defendants [sic] delay in responding to discovery questions | BF ($350) | 0.2 | $70 | **JA 124** |
| 8/3/2021 | Conference with BF regarding defendants [sic] delay in responding to discovery questions | CS ($415) | 0.2 | $83 | **JA 124** |

In awarding a reasonable fee, the Bankruptcy Court reduced this time by eight hours, reasoning: "Plaintiff's Counsel expended 11.5 hours on discussing and drafting the reply brief, Dkt # 77. This too was excessive and the fees will be reduced by 8 hours, *i.e.*, $2,800 ($350/hr. x 8)." **JA 35**.

### *3. Brief in Support of Fee Petition*

Counsel for Lewis recorded the following time entries related to Lewis's brief in support of the Fee Petition:

| **Date** | **Narrative** | **Billing Attorney** | **Hours Recorded** | **Amount Due** | **JA Cite** |
|---|---|---|---|---|---|
| 11/3/2022 | Briefing (including analysis of | BF ($350) | 4.0 | $1,400 | **JA 126** |

| | | | | | |
|---|---|---|---|---|---|
| | time entries). Amount is conservatively estimated. Date is estimated. | | | | |
| 12/8/2022 | Finish brief | CS ($415) | 5.3 | $2,199.50 | **JA 127** |

In awarding a reasonable fee, the Bankruptcy Court reduced this time by six hours, reasoning:

> In November 2022, Plaintiff's Professionals spent a combined 8.3 hours[2] to draft a brief in support of the Fee Petition. The Court finds that the time spent was excessive for a ten-page brief. The fees will be reduced by 3 hours for each attorney, *i.e.*, $2,295 (($415 x 3) + ($350 x 3)).

**JA 35** (footnote omitted). In explaining that the time spent on the Fee Petition "was excessive," the Bankruptcy Court noted that "Mr. Sabatini has significant experience relating to disputes over the reasonableness of attorney's fees." **JA 35**.

#### *4. Reply Brief in Support of Fee Petition*

Counsel for Lewis recorded the following time entries relating to Lewis's reply in support of the Fee Petition:

| **Date** | **Narrative**[3] | **Billing Attorney** | **Hours Recorded** | **Amount Due** | **JA Cite** |
|---|---|---|---|---|---|
| 1/9/2023 | Work on brief. | CS ($415) | 2.7 | $1,120.50 | **JA 274** |
| 1/14/2023 | Work on brief. | CS ($415) | 1.0 | $415 | **JA 274** |

---

[2] Counsel for Lewis actually recorded 9.3 hours. **JA 126–27**.

[3] TMS omits the time stamps, contained in the invoice, during which Counsel for Lewis worked. **JA 274**.

| | | | | | |
|---|---|---|---|---|---|
| 1/20/2023 | Work on brief. | CS ($415) | 5.2 | $2,158 | **JA 274** |
| 1/21/2023 | Work on brief. | CS ($415) | 5.6 | $2,324 | **JA 274** |
| 1/22/2023 | Work on brief. | CS ($415) | 8.8 | $3,652 | **JA 274** |
| 1/23/2023 | Work on brief. | CS ($415) | 6.8 (less .8 deduction) | $2,822 (less $332 discount) | **JA 274** |

In awarding a reasonable fee, the Bankruptcy Court reduced this time by 15 hours, reasoning:

> Plaintiff's Counsel billed 30.1 hours for the reply brief in support of the Fee Petition, Dkt. # 131. Counsel discounted this amount by 6.8 hours.[4] The Court finds the time expended was still excessive and will reduce the fees by 15 hours, *i.e.*, $6,225 ($415/hr. x 15).

**JA 35**.

### *C. The Bankruptcy Court's Reductions Related to Communications*

The Bankruptcy Court similarly concluded that Counsel for Lewis's time entries related to communications were excessive, principally because they lacked billing judgment. The Bankruptcy Court explained:

> TMS objects to 98 entries of .1 hours totaling $4,067. TMS' Brief at 18. Like in *Badyrka*, the Court finds Mr. Sabatini's entries for almost every conceivable communication, no matter how minor, to lack billing judgment and will reduce these entries by 75% or $3,050.25. *See In re*

[4] Counsel for Lewis actually discounted .8 hours ($332), not 6.8 hours ($2,822). **JA 274**. The Bankruptcy Court appears to have misunderstood the extent of the voluntary discount. TMS does not seek any enlargement of the reduction on appeal. The point is relevant only insofar as it underscores that the Bankruptcy Court's ultimate award was, if anything, deferential to Counsel for Lewis.

> *Szymczak*, 246 B.R. 774, 783 (Bankr. D. N.J. 2000) ("In reviewing Applicant's time records, it appears the Debtors were billed every time Applicant picked up the telephone, uttered the Debtors' name, or looked at the Debtors' case; even where nothing meaningful occurred.").

**JA 35**.

### *D. The Bankruptcy Court Finds a Reasonable Fee*

After reviewing the Fee Petition and supporting invoices for "excessive time spent," the Bankruptcy Court rendered the following factual findings:

> The above disallowed attorney's fees total $18,570.25. Consequently, the Court finds a reasonable attorney fee in this matter is $63,108.43. Because TMS had no opposition regarding the costs in the Fee Petition and the costs appear reasonable, the Court awards $164.61 in costs.

**JA 36**.

## III. Proceedings in the District Court

Lewis noted an appeal of the Bankruptcy Court's order to the District Court. **JA 55**. Lewis filed an opening brief, TMS responded, and Lewis filed a reply. **JA 56**. The District Court issued a reasoned Memorandum Opinion, **JA 3–19**, and Order, **JA 22**, affirming the Bankruptcy Court's award in full. The District Court concluded that the Bankruptcy Court did not act *sua sponte* when it determined reasonable attorneys' fees, **JA 11–14**, and the reduction of fees from Counsel for Lewis's request was proper, **JA 14–20**.

"In sum," the District Court explained, "nothing in the [B]ankruptcy [C]ourt's decision indicates clear error in its factual findings or an abuse of discretion." **JA 20**.

## STANDARD OF REVIEW

This Court's review of a district court decision rendered in an appellate capacity is plenary. *In re Pursuit Capital Mgmt.*, 874 F.3d 124, 133 n.14 (3d Cir. 2017) (citation omitted). This Court reviews a bankruptcy court's legal determinations *de novo*, factual findings for clear error, and its exercise of discretion for abuse thereof. *Id.* Factual findings include the bankruptcy court's findings concerning "the number of hours [an attorney] reasonably worked on the case." *Interfaith Cmty. Org. v. Honeywell Int'l Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005).

## SUMMARY OF THE ARGUMENT

The Bankruptcy Court awarded Lewis reasonable attorneys' fees and costs pursuant to the Rule 68 Offer. Accordingly, the fee-shifting provisions of RESPA and TILA have no bearing on the contractual basis on which the Bankruptcy Court awarded fees.

As a matter of contract law, the interpretation and application of the Rule 68 Offer, including what constitutes "reasonable" attorneys' fees, is subject to state law. When applying the standards and considerations applicable under Pennsylvania law, the Bankruptcy Court, which observed the parties' and counsels' handling of the

matter first hand, properly exercised its discretion and did not err in calculating the reasonable attorneys' fees awarded to Lewis. The Bankruptcy Court had the discretion to rely on its knowledge of the matter, the parties and counsel, the efforts undertaken litigating the matter, and to consider various other factors to arrive at an award of reasonable attorneys' fees. It did so. Thus, when the Bankruptcy Court awarded Lewis approximately 77% of the attorneys' fees that he requested, it did not abuse its discretion.

Put another way, Lewis neither challenges the Bankruptcy Court's calculation of hourly rates (because TMS did not challenge hourly rates, either), nor does he identify any error in the Court's lodestar methodology. Instead, Lewis's entire argument fixates on the Bankruptcy Court's determination that Lewis spent excessive time briefing and communicating—factual determinations which are reviewed for clear error. The Bankruptcy Court's findings are not clearly erroneous for a litany of reasons.

In determining a reasonable fee, the Bankruptcy Court did not act *sua sponte*. TMS's objections were specific—at a high level, the objections asserted that Counsel for Lewis's time was excessive—and the Bankruptcy Court reviewed the invoices submitted ***on that basis.*** To be sure, the Bankruptcy Court's award comports with this Court's decision in *Bell v. United Princeton Properties, Inc.*, which explains that a court's reductions need not align with an opposing party's

objections as long as the party seeking an award has notice, the court's reduction is based on the proffered objections, and the court provides a clear explanation of its reasons for the award. 884 F.2d 173, 721–23 3d Cir. 1989). The award here satisfies *Bell*.

The Bankruptcy Court reached its decision by applying the lodestar method, which required it to determine a reasonable fee by multiplying the hours reasonably expended on the matter by a reasonable hourly rate. Under this Court's jurisprudence, determining the amount reasonably expended on the matter required the Bankruptcy Court to exclude those hours that it deemed to be excessive, redundant, or otherwise unnecessary. Because the Bankruptcy Court relied on its own review of the case docket, its experience, a thorough review of the invoices submitted, and on the specific objections lodged by TMS to which Lewis had ample opportunity to respond (and did so), the Bankruptcy Court did not abuse its discretion in awarding Lewis reasonable attorneys' fees.

At bottom, the Bankruptcy Court's modest reductions are soundly within that Court's discretion given the extreme disproportionality between the relief sought (and obtained) compared to the fees requested. Exercising its affirmative function in awarding a reasonable fee, the Bankruptcy Court declined to award more than ninety times the original amount in dispute after determining Counsel for Lewis

recorded excessive time briefing and communicating in this matter. That exercise of discretion is sound and this Court should affirm.

## ARGUMENT

### I. The Bankruptcy Court Properly Calculated and Awarded Reasonable Attorneys' Fees.

#### *A. The Award of Reasonable Attorneys' Fees Pursuant to A Rule 68 Offer of Judgment is a Matter of Contract*

In awarding TMS reasonable attorneys' fees, the Bankruptcy Court determined that "judgment was obtained through a Rule 68 Offer," and found that TMS's Rule 68 Offer left "no doubt that the parties agreed to award attorney's fees to Plaintiff." **JA 31**. The District Court agreed "[t]hat approach was appropriate because the principles governing statutory fee awards are not applicable" where the Rule 68 Offer provides the basis for an award of fees. **JA 10**; *Miller v. City of Portland*, 868 F.3d 846, 851 (9th Cir. 2017).[5]

It is well-settled that Rule 68 offers of judgment are governed by basic principles of contract law, and further, that issues of contract interpretation are matters of state law. **JA 31** (citing *M3 USA Corp. v. Hart*, No. 20-5736, 2021 WL 2917374 at *5 n.64 (E.D. Pa. July 9, 2021); *see also Wert v. Manorcare of Carlisle,*

[5] Courts in this Circuit, including the Bankruptcy Court and District Court below, regard *Miller* as instructive. **JA 10; JA 29–30**; *see also M3 USA Corp. v. Hart*, No. 20-5736, 2021 WL 2917374 (E.D. Pa. July 9, 2021).

*PA, LLC*, 124 A.3d 1248, 1259 (Pa. 2015) ("We apply Pennsylvania law to the offer of judgment which Defendant's counsel executed in Philadelphia.")).

Pennsylvania law requires that attorneys' fees awarded as part of a contractual fee-shifting provision be reasonable. *In re Gordon-Brown*, 340 B.R. 751, 755 n.6 (Bankr. E.D. Pa. 2006). Further, "[i]t is hornbook law that the reasonableness of attorney fees is a matter for the sound discretion of the trial court and will be changed by an appellate court only when there is a clear abuse of discretion." *Id*. (citing *In re LaRocca's Trust Estate*, 246 A.2d 337, 229 (Pa. 1968) (brackets omitted)).

Moreover, "[a]ppellate review of a trial court's order awarding attorney's fees to a litigant is *limited* solely to determining whether the trial court *palpably abused its discretion* in making a fee award." *Arches Condominium Ass'n v. Robinson*, 131 A.3d 122, 131 (Pa. Commw. Ct. 2015) (emphasis in original, citation omitted). Finally, an appellate court may affirm a lower court's judgment "on grounds other than those considered by the [Bankruptcy Court] itself." *In re Google Inc. Cookie Placement Consumer Privacy Litig.*, 806 F.3d 125, 143 (3d Cir. 2015); *see also Laurel Gardens, LLC v. McKenna*, 948 F.3d 105, 116 (3d Cir. 2020) (observing, "we may affirm on any ground supported by the record, and an appellee may urge affirmance on such a ground even if the [Bankruptcy Court] overlooked it or it involves an attack on the [Bankruptcy Court's] reasoning.").

### *B. The Bankruptcy Court Reduced Fees Based on Objections Raised by TMS and Arguments Fully Litigated by Lewis*

Lewis's leading argument is that the Bankruptcy Court acted *sua sponte* when it awarded less than the total amount sought in the Fee Petition. App. Br. 15–30. That argument is unavailing where TMS specifically noted its objection to Counsel for Lewis's "excessive" fees and the Bankruptcy Court limited its review to that ground.

#### 1. TMS's Objections Were Sufficiently Specific.

TMS's brief in opposition to the Fee Petition offered a number of specific objections, including that the "amount requested. . . is wholly unreasonable," **JA 149**, that Counsel for Lewis "billed Lewis an incredible (and excessive) [amount], including 98 entries for .1 hours spent largely on e-mails and other communications (totaling $4,067.00)," **JA 158**, and that "the fees sought in the [Fee] Petition are clearly excessive" in light of the totality of the circumstances, **JA 158**.

The Bankruptcy Court clearly understood TMS's objection to the excessiveness of fees, and expressly limited its review to that ground: "Because TMS' argument as to the reasonableness of the fees is basically limited to generalized statements regarding excessive time spent, the Court will limit its review of the time entries to that ground." **JA 34**.

Beyond the excessiveness of Counsel for Lewis's fees, TMS argued that Lewis was not entitled to recover *any* fees beyond those contained in the agreed-

upon judgment amount as stated in the Rule 68 Offer. It then specifically objected to Lewis's remaining claimed fees as *wholly* excessive for various reasons, including: 1) Lewis was not entitled to *any* attorneys' fees under the TILA or RESPA; 2) the fees sought were disproportionate to the amount in dispute and the value of the case to Lewis; 3) the fees sought violated the Bankruptcy Court's Code of Professional Conduct; 4) Counsel for Lewis lacked billing judgment; 5) Lewis's claims were improperly brought as affirmative claims rather than resolved as a discovery issue in the underlying bankruptcy proceeding; 6) Lewis's claims were not supported by the facts adduced during discovery; 7) Lewis would have been made whole through TMS's previous offers of judgment; and, 8) other reasons outlined in TMS's brief.[6] **JA 138–63**.

---

[6] TMS structured its Opposition because Lewis initially premised his request for reasonable attorneys' fees and costs on the statutory fee-shifting provisions contained in TILA and RESPA *alone*, not on the language contained in the Rule 68 Offer. **JA 128–38**. Lewis so argued because the parties understood that TMS mistakenly failed to indicate in the Rule 68 Offer that Lewis's award of attorneys' fees was intended to be *inclusive* of the judgment offered. *See id.*; **JA 172** ("Although [the Rule 68 Offer] contained a 'plus fees' provision identical to that contained in the earlier offer of judgment, [TMS] later explained that that language was included by mistake and that the new offer was instead a lump sum offer that precluded recovery of additional attorneys' fees.").

In its Opinion, the Bankruptcy Court rejected the parties' mutual understanding of the accidental "plus fees" provision in Rule 68 Offer as parole evidence when it ruled that the Rule 68 Offer created a contractual obligation underpinning the award of reasonable attorneys' fees. **JA 29; 31**. As such, although the Bankruptcy Court asserted that TMS "ignore[d]" the language of the Rule 68 Offer, this is not so. **JA 30**. TMS responded, in kind, to the arguments Lewis raised in his Fee Petition, including specifically objecting to Lewis's claimed fees as

There can be no question that TMS's objection to the excessiveness of communications is clear and specific. In TMS's opposition to the Fee Petition, it asserted: "As of April 2, 2020, [Counsel for Lewis] and his colleagues had billed Lewis an incredible (and excessive), approximately $13,000.00 in fees, including 98 entries for .1 hours spent largely on emails and other communications (totaling $4,067.00)."[7] **JA 158**. The Bankruptcy Court, crediting that specific objection, agreed that those hours recorded were excessive and reduced them accordingly. **JA 35** ("TMS objects to 98 entries of .1 hours totaling $4,067. . . [T]he Court finds Mr.

---

excessive. For these reasons, TMS's approach was tailored to Lewis's argument, and its objections were sufficiently specific.

[7] Lewis makes much out of the notion that TMS stipulated to the communication entries—the 98 .1 hour entries—but that argument is unavailing. *See* App. Br. 30–38. TMS withdrew any such stipulations upon the filing of the Fee Petition. *See* **JA 80** ¶ 9 ("Notwithstanding any contrary language in this stipulation, [TMS] further retains the right to argue that no award of fees is appropriate, and that therefore no fee at all should be awarded.") (emphasis in original). The District Court recognized as much. **JA 16**. Indeed, even if the stipulation were not withdrawn, the Bankruptcy Court is not obliged to accept Lewis's demanded fees; instead, it is tasked with calculating what is a reasonable fee.

As reflected in the record, Lewis: 1) was aware that, upon the filing of his Petition, any amount stipulated to for the sake of negotiating an agreed-upon amount of attorneys' fees was subject to TMS's objections upon the filing of his Petition; and, 2) TMS's opposition expressly challenged the reasonableness of his requested fees in their entirety. *See* **JA 149** (noting that any stipulations were "subject to objections raised following the filing of [Lewis's] Petition, which are outlined herein."); **JA 158** (stating, "[w]hen considering the totality of the circumstances, the fees sought in the [Fee] Petition are clearly excessive.").

Sabatini's entries for almost every conceivable communication, no matter how minor, to lack billing judgment and will reduce these entries by 75% or $3,050.25.").

Moreover, context matters. Beyond TMS's briefing, TMS's objections to the amounts billed by Counsel for Lewis for briefing are plain from a review of the exhibits submitted in support of the Fee Petition. With regard to the motion to compel and reply in support thereof, the clue is in the title of the exhibit where those entries are found: "Exhibit A2 – First Bill ***Disputed Portion***." **JA 122–25**. With regard to the preparation of the Fee Petition and reply in support thereof, the briefing entries constituted 75% or more of the respective invoices (9.3 of 12.4 hours for the Fee Petition and 30.1 of 38.8 hours, after applied discounts). **JA 126–27; JA 274**.

What is more, Lewis's own Fee Petition confirms TMS's position before the Bankruptcy Court. In his own words: "[TMS's] largest category of challenges is to the time entries associated with researching and drafting various briefs. . . These time entries are for [Lewis's] drafting of . . . a brief in support of a motion to compel discovery, [and] a reply brief in support of the motion to compel." **JA 134** (footnotes omitted).

Finally, the Bankruptcy Court's review of Counsel for Lewis's invoices for excessiveness did not demand searching review of hundreds or thousands of pages—there were only six pages of invoices at issue. **JA 122–24; 126–27; 274**. It follows,

then, that the Bankruptcy Court correctly understood TMS's specific objection to relate to 75% of the time recorded on six pages of invoices.

**2. The Bankruptcy Court Tied its Analysis to TMS's Objections**

Before independently analyzing Counsel for Lewis's fees for excessiveness, the Bankruptcy Court recounted TMS's objections. **JA 33–34**. The Bankruptcy Court emphasized that TMS argued the "professional fees were wholly unreasonable, citing over 183 hours of time spent on [Lewis's] claim," before expressly stating that "TMS'[s] argument as to the reasonableness of fees" is limited to "excessive time spent" by Counsel for Lewis. **JA 34**. It continued: "***the Court will limit its review of the time entries to that ground***." **JA 34** (emphasis added). With that limitation in mind, the Bankruptcy Court "review[ed] . . . the case docket," relied on "the Court's experience," and "thorough[ly] review[ed] . . . the invoices submitted" before determining that "several time entries appear to be excessive." **JA 35**. The Bankruptcy Court cannot be said to have acted *sua sponte*.

Indeed, each of the Bankruptcy Court's factual findings reducing the number of hours that Counsel for Lewis billed are supported by the record and not clearly erroneous. A finding is only clearly erroneous where "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Arreaga Bravo v. Att'y Gen.*, 27 F.4th 182, 187 (3d Cir. 2022). Seeing

as the Bankruptcy Court's reasoning does not contain any "obvious, plain, gross, significant, or manifest error or miscalculation," *id.*, this Court should affirm.

### 3. The Bankruptcy Court's Reductions Need Not Exactly Match TMS's Objections

In *Bell v. United Princeton Properties, Inc.*, this Court recognized that "the type of reduction made by the court [need not] be exactly the same as that requested by the adverse party" as long as (1) "the fee applicant is given sufficient notice to present his or her contentions with respect to the reduction that the district court ultimately makes"; (2) "any reduction is based on objections actually raised by the adverse party"; and (3) "the [Bankruptcy Court] . . . provide[s] a concise but clear explanation of its reasons for the fee award." 884 F.2d at 721–23. The Bankruptcy Court's decision is consistent with *Bell*.

Lewis received sufficient notice of TMS's objections. As described above, TMS specifically objected to Lewis's claimed fees as excessive and provided numerous justifications in law and fact, including analogous caselaw, for why this was so. **JA 144–61**. To be sure, Lewis responded to those objections in the Fee Petition, reply brief in support thereof, and had the opportunity to address them at the hearing on his Petition on January 31, 2023. *See, e.g.*, **JA 133** ("Defendant's primary objections to the time entries on Exhibit A2 fall into two categories: time spent briefing . . . ."); **JA 134** ("By far, Defendant's largest category of challenges is to the time entries associated with researching and drafting various briefs."); **JA 176**

("Defendant challenges . . . '98 entries for .1 hours . . . spent largely on e-mails and other communications (totaling $4,067.00).'"); **JA 227** (arguing, at the January 31, 2023 hearing, "And then, you know . . . the briefing, I'm sure that [the Bankruptcy Court] read through it. I don't know whether you have questions or concerns about the arguments that I made in the brief, I'd be happy to go over those. I could summarize them a bit here again, if you think that would be helpful, but I don't want to just regurgitate what I've already [said]"); **JA 256** ("[The] biggest part of [TMS's] objection during that dialogue where we're trying to work out the fees . . . was for the time spent briefing. . . [s]o that's all I talked about, for the most part, in my first brief. . . .").

These numerous examples confirm that Lewis had adequate notice under *Bell*. Not only was Lewis afforded the opportunity to present his contentions with respect to the Bankruptcy Court's ultimate reductions—Lewis actually presented those contentions. *See* **JA 144–61; 133–34**. Thus, Lewis's suggestion that TMS "gave no notice as to the briefs," App. Br. at 25, is dubious at best because Lewis formed a cognizable response to TMS's clear objection. The Bankruptcy Court acted within its discretion when it rejected Lewis's arguments and applied modest reductions to calculate a reasonable fee.

Finally, the Bankruptcy Court provided a clear explanation for the fee award, including that it based its analysis "upon a review of the case docket, the Court's

experience and a thorough review of the invoices submitted," Counsel for Lewis's "significant experience relating to disputes over the reasonableness of attorney's fees," and by providing its reasoning and calculations related to the entries that it deemed excessive. **JA 34–36**. Accordingly, the Bankruptcy Court did not abuse its discretion. *Bell*, 884 F.2d at 721 (noting, "[e]xcessiveness of time spent in light of an applicant's expertise is a legitimate reason for reducing a fee award."); *United States ex rel. Palmer v. C&D Technologies, Inc.*, 897 F.3d 128, 137 (3d Cir. 2018) (affirming district court's reduction of fee award in an amount greater than argued for by opponent).

### C. The Bankruptcy Court Conducted the Exact Lodestar Analysis Required by Supreme Court and Third Circuit Precedent.

The Bankruptcy Court properly calculated the lodestar amount of Lewis's reasonable attorneys' fees based on its own assessment of the hours reasonably expended by Counsel for Lewis, and omitted excessive, redundant, or otherwise unnecessary time. **JA 35–36**.

In doing so, the Bankruptcy Court invoked the Supreme Court's decision in *Hensley v. Eckerhart*, 461 U.S. 424 (1983) in calculating the lodestar amount. **JA 32–33**. That case is instructive here. It requires that a court "exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Hensley*, 461 U.S. at 434. As this Court described in *Maldonado v. Houstoun*, the court resolving a fee petition has a "a positive and affirmative function, . . . not merely a passive role."

256 F.3d 181, 184 (3d Cir. 2001). Indeed, the court should "review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" *Id.*; *see also Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) ("The district court should exclude hours that are not reasonably expended.").

The Bankruptcy Court's Opinion as a whole, reflects that it analyzed the Fee Petition as required by numerous decisions of this Court. The Bankruptcy Court appreciated the straightforward factual and procedural history of this matter, as well as the minimal amount in dispute. Specifically, the Bankruptcy Court's rationale reflects that it carefully considered, expressly or implicitly: 1) the amount of work performed; 2) the character of the services rendered; 3) the difficulty of the problems involved; 4) the importance of the litigation; 5) the amount of value of the property in question; 6) the degree of responsibility incurred; 7) whether the fund involved was created by the attorney; 8) the professional skill and standing of the attorney in his profession; 9) the results he was able to obtain; 10) the ability of the client to pay a reasonable fee for the services rendered; and, 11) "very importantly," the amount of money in question. *Arches*, 131 A.3d at 131–32.

Lewis contends that the Bankruptcy Court's reductions related to the communication entries are clearly erroneous and are arbitrary. App. Br. at 39–44.

Not so. As the Bankruptcy Court explained, Counsel for Lewis's entries "for almost every conceivable communication" proved to "lack billing judgment." **JA 35**. That is a suitable basis to reject time recorded under *Hensley* and *Maldonado*. Indeed, the Bankruptcy Court's findings further explain the decision to make the reduction. It invoked *In re Badyrka*, No. 5:20-03618-MJC, 2022 WL 4656034 (Bankr. M.D. Pa. Sep. 30, 2022), an unrelated Chapter 13 case in which the Bankruptcy Court similarly found Counsel for Lewis's time entries warranted reduction. **JA 35**. The Bankruptcy Court acted within its discretion when it determined that Counsel for Lewis recorded excessive time for communications without exercising billing judgment.

Finally, Lewis argues that the Bankruptcy Court erred because its reductions are "not close" to the "benchmark" this Court set out in *Maldonado*. *See* App. Br. at 45–51. That argument misses the mark in several respects. *Maldonado* does not set a bright line rule. The fact that *Maldonado* deemed 120 hours to be reasonable for preparation of an appellate brief on a constitutional issue is not directly analogous to the motion to compel discovery, Fee Petition or replies in support thereof. In calculating the amount of reasonable time spent, the Bankruptcy Court specifically credited Counsel for Lewis's "significant experience relating to disputes over the reasonableness of attorney's fees." **JA 35**. Moreover, the District Court appropriately recognized that: (1) the issue of attorneys' fees is "neither novel nor

unusually complex," **JA 18**; and (2) that the briefs included significant portions that merited a downward departure for "per page" calculations of time spent drafting, **JA 18–19**. For example, the brief supporting the motion to compel "largely consist[ed] of [Lewis's] discovery requests and TMS's corresponding objections," while the reply in support of the Fee Petition dedicated four pages to procedural history. **JA 18–19**. Therefore, the Bankruptcy Court's exercise of discretion is eminently reasonable judged against *Maldonado*.

For all of these reasons,[8] the Bankruptcy Court clearly did not abuse its discretion in awarding Lewis over $63,000 in attorneys' fees and costs (or approximately 77% of his requested fees and 100% of his requested costs) in a dispute over $900.00. Accordingly, its judgment should be affirmed.

## **CONCLUSION**

Lewis asks this Court to second-guess a discretionary fee determination reached by the judge who managed the litigation, reviewed the invoices in detail, presided over the fee hearing, and expressly explained why certain entries were excessive. The District Court reviewed that determination and found no error.

[8] As described above, this Court may affirm on any ground supported by the record. *In re Google Inc. Cookie Placement Consumer Privacy Litig.*, 806 F.3d at 143; *Laurel Gardens, LLC*, 948 F.3d at 116. Even if this Court concludes that the Bankruptcy Court's reductions require additional explanation, affirmance is appropriate here because the record independently supports the conclusion that the fees sought are excessive.

Because Lewis identifies neither legal error nor clearly erroneous factual findings, and because the challenged reductions comfortably fall within the Bankruptcy Court's broad discretion to determine a reasonable fee, the judgment should be affirmed.

Respectfully submitted this 26th day of August, 2026.

By: *Matthew M. Haar*

Matthew M. Haar, Esq. (85688)
Saul Ewing LLP
2 N. Second Street, Seventh Floor
Harrisburg, PA 17101
Matt.Haar@saul.com

Daniel M. Moore, Esq. (1912180049)
1001 Fleet Street, Ninth Floor
Baltimore, MD 21202
Phone: (410) 332-8734
Fax: (410) 332-8862
Daniel.Moore@saul.com

*Counsel for Appellee*

## CERTIFICATE OF BAR ADMISSION

**3d Cir. L.A.R. 28.3(d) Bar Membership Certification**

Pursuant to Third Circuit Local Rule of Appellate Procedure 28.3(d), Appellee The Money Source, Inc. hereby certifies that Matthew M. Haar and Daniel M. Moore of Saul Ewing LLP are members of the bar of this Court.

Dated: August 26, 2026

By: *Matthew M. Haar*
Matthew M. Haar, Esq. (85688)

# **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE OF APPELLATE PROCEDURE 31.1(C)**

I certify the following:

This brief complies with the type-volume limitation of Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure because this brief contains **7,015** words, excluding the parts of the brief exempted by Rule 32(f) of the Federal Rules of Appellate Procedure.

This brief complies with the typeface requirements of Rule 32(a)(5) of the Federal Rules of Appellate Procedure and the type-style requirements of Rule 32(a)(6) of the Federal Rules of Appellate Procedure because this brief has been prepared in a proportionally-spaced typeface using Microsoft Word 365 in 14-point Times New Roman font.

This brief complies with the electronic filing requirements of Local Rule 31.1(c) because the text of this electronic brief is identical to the text of the paper copies, and counsel scanned the electronic version of this brief using Crowdstrike Falcon Malware Scan, which detected no viruses.

Dated: August 26, 2026

By: *Matthew M. Haar*
Matthew M. Haar, Esq. (85688)

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that the foregoing Brief of Appellee was electronically filed with the Clerk of the Court using the CM/ECF system and served on all counsel and parties of record through the Court's CM/ECF system.

Dated: August 26, 2026

By: *Matthew M. Haar*
Matthew M. Haar, Esq. (85688)