**No. 26-1389**

# In the United States Court of Appeals for the Third Circuit

**IN RE: CLARENCE WILLIAM LEWIS, JR.**

**CLARENCE WILLIAM LEWIS, JR.**
*Appellant,*

v.

**THE MONEY SOURCE, INC.**
*Appellee.*

On Appeal from the United States District Court
for the Middle District of Pennsylvania
in Case No. 3:24-cv-00387-JKM

## APPELLANT'S MOTION FOR LEAVE TO FILE, OUT OF TIME, HIS STATEMENT IN SUPPORT OF ORAL ARGUMENT UNDER L.A.R. 34.1(b), WITH THE STATEMENT INCLUDED

Carlo Sabatini
SABATINI LAW FIRM, LLC
216 N. Blakely St.
Dunmore, PA 18512
(570) 341-9000

*Attorney for*
*Clarence William Lewis, Jr.*

September 16, 2026

## THE MOTION FOR LEAVE

Within seven days after the appellee's brief is filed, any party to an appeal may file a statement explaining why oral argument should be heard. L.A.R. 34.1(b). The Money Source, Inc. ("TMS") filed its brief on August 26, 2026. (Doc. 23.) The deadline was therefore September 2, 2026; this filing is fourteen days late. The reason is not a good one, but it is the true one: counsel is not a frequent practitioner in this Court and was unaware of the rule. The fault is counsel's alone.

This Court may, for good cause, extend a deadline on a motion made after the time has expired. Fed. R. App. P. 26(b). Three considerations support leave here.

*First*, the delay is short and has cost the process nothing. Briefing closed only today, and so far as counsel is aware, the case has not been calendared or submitted to a panel. The statement will reach the Court at the same point in the appeal that a timely statement would have reached it: before the decision whether to list the case for argument.

*Second*, leave costs TMS nothing. The statement seeks no relief against TMS. Lewis would not oppose a period for TMS to file an opposition to argument.

*Third*, the motion is made in good faith and not for delay. The statement is short, and it asks the Court to hear argument, not to postpone anything.

## THE STATEMENT IN SUPPORT OF ORAL ARGUMENT

Lewis requests oral argument of ten minutes per side, because the decisional process would be significantly aided by it. See Fed. R. App. P. 34(a)(2)(C). Three reasons follow.

*First*, the appeal turns on a choice between two models of awarding attorney's fees, and the issue is likely to recur in the bankruptcy courts. Under *Bell v. United Princeton Properties, Inc.*, 884 F.2d 713 (3d Cir. 1989), the amount paid to a prevailing party under a fee-shifting statute is adjudicated adversarially: the court does not reduce the lodestar fee unless a reduction is warranted on a specific objection that the paying party actually raised. By contrast, when a fee is paid from a bankruptcy estate, the court reviews the requested lodestar fee independently and makes reductions it deems appropriate, even when no one files an objection. 11 U.S.C. § 330; *In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833 (3d Cir. 1994). Neither TMS nor either court below asserted that the bankruptcy estate model's *sua sponte* review applies here. But the bankruptcy court imposed reductions that TMS did not ask for, and Lewis contends that only the estate model can explain that result. Whether the estate model's *sua sponte* review may carry over into a contested fee-shifting dispute is the question presented, and argument is well suited to probing where the line between the two models lies.

*Second*, the parties describe the same record in opposite terms. TMS says that its objections to counsel's briefing time were "sufficiently specific." (TMS Br. 19.) Lewis says that no filing of TMS mentioned any of the four briefs at all, and that TMS expressly disclaimed line-by-line review. (Appx159; *see* Lewis Br. 18–20; Reply Br. 9–13.) Lewis is describing an absence, and an absence has no pincite—so the reply walks through every item on TMS's list of objections and shows that none addresses any brief. (Reply Br. 9–13.) The filings here have taken that dispute as far as they can. What briefing cannot do is give Lewis a chance to answer a new reading of the record that neither party has yet offered—and a ground no party offered is how this fee was cut in the first place. If the panel locates in the record an objection that it considers specific enough to sustain the reduction, Lewis asks to be heard on it. Argument is the only procedure that allows that.

*Third*, TMS's brief returns repeatedly to a theme that its argument sections never defend: a $900 dispute, a $6,000 judgment, a fee request "more than ninety times the amount in dispute." (TMS Br. 1, 16, 29.) That is a proportionality argument, and it is fully briefed: the bankruptcy court made no proportionality reduction, TMS took no cross-appeal, and the reply explains why the theory is foreclosed. (Reply Br. 26.) What the briefs cannot reach is the question the theme is built to plant without asking: whether a lawyer who litigates two appeals over

$18,570.25 is vindicating a rule or running a meter. No brief can answer that question, because no one will ever put it in writing—if it is voiced at all, it will be voiced from the bench. Counsel asks for the chance to be asked. The answer—that Congress made these cases small by design, and made the fee award the only mechanism by which anyone can bring them—is the case for reversal, and Lewis would rather have it tested in colloquy than weighed in silence. The dollars here are modest. The rule is not.

## CONCLUSION

Lewis respectfully requests that the Court grant leave to file the foregoing statement out of time, accept the statement as filed, and calendar this appeal for oral argument of ten minutes per side.

Respectfully submitted,

s/ Carlo Sabatini
Carlo Sabatini, PA 83831
Attorney for Plaintiff/Appellant

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 871 words, excluding the parts exempted by Fed. R. App. P. 32(f).

This motion complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5)–(6), as made applicable by Fed. R. App. P. 27(d)(1)(E), because it has been prepared in a proportionally spaced and serifed typeface using Microsoft Word in 14-point Times New Roman.

s/ Carlo Sabatini
Carlo Sabatini

## CERTIFICATE OF SERVICE

On September 16, 2026, I caused the foregoing document to be filed through the Court's CM/ECF system, which will serve all counsel of record, including counsel for Appellee.

s/ Carlo Sabatini
Carlo Sabatini

## CERTIFICATE THAT MOTION HAS BEEN VIRUS CHECKED

A virus check was performed on the electronic version of this motion and the attached supplemental appendix using Microsoft Defender Antivirus version 1.459.219.0 and no virus was detected.

s/ Carlo Sabatini
Carlo Sabatini