**No. 26-1389**

# In the United States Court of Appeals for the Third Circuit

**IN RE: CLARENCE WILLIAM LEWIS, JR.**

**CLARENCE WILLIAM LEWIS, JR.**
*Appellant,*

v.

**THE MONEY SOURCE, INC.**
*Appellee.*

On Appeal from the United States District Court
for the Middle District of Pennsylvania
in Case No. 3:24-cv-00387-JKM

## SUPPLEMENTAL APPENDIX

Carlo Sabatini
SABATINI LAW FIRM, LLC
216 N. Blakely St.
Dunmore, PA 18512
(570) 341-9000
*Attorney for*
*Clarence William Lewis, Jr.*

September 15, 2026

# TABLE OF CONTENTS OF SUPPLEMENTAL APPENDIX


| Item | Document | Cite | Date | Page |
|---|---|---|---|---|
| 1 | Letter from Appellee's Counsel to the Bankruptcy Court | Bk. Dkt. 134 | Mar. 28, 2023 | SAppx1 |
| 2 | First Amended Complaint, *Lewis v. The Money Source, Inc.*, Adv. No. 5:23-ap-00007-MJC (Bankr. M.D. Pa.) [Exhibit A to Appellant's District Court reply brief] | D. Ct. Dkt. 14-1 | Apr. 18, 2023 | SAppx3 |
| 3 | Settlement Agreement, *Lewis v. The Money Source, Inc.*, Adv. No. 5:23-ap-00007-MJC (Bankr. M.D. Pa.) [Exhibit C to Appellant's District Court reply brief; without the agreement's exhibits] | D. Ct. Dkt. 14-1 | June 18, 2024 | SAppx13 |

SAUL EWING LLP

Matthew M. Haar
Phone: (717) 257-7508
Fax: (717) 238-4622
matt.haar@saul.com
www.saul.com

March 28, 2023

***Via ECF Filing***
Hon. Mark J. Conway
United States Bankruptcy Court
for the Middle District of Pennsylvania
197 South Main Street
Wilkes-Barre, PA 18701

**Re: Lewis v. The Money Source Inc.**
**No. 5:19-ap-00116-MJC (Bankr. M.D. Pa.)**

Dear Judge Conway:

As you know, I represent Defendant The Money Source, Inc. ("TMS") in the above referenced adversary action. I write to correct a representation that I made to the Court during argument in this matter on January 31, 2023. Plaintiff's counsel posited that certain charges in his Hearing Exhibit 7 (an October 26, 2020 letter from me to Attorney Sabatini) were the same charges that were part of a Postpetition Mortgage Fees, Expenses and Charges which TMS later withdrew. Specifically, Attorney Sabatini referred to two lines in Exhibit 7 identified as a charge on May 16, 2019 for $250 for Attorney Fees and a charge on August 30, 2019 for $650 for "Reclasses." I represented to the Court that my client had represented to me that those $900 in charges were not the same as the $900 in charges from the earlier withdrawn filing. Having followed up with my client on those charges based on a letter from Attorney Sabatini, I must now correct my representation to the Court and state that the referenced charges were indeed the same. Following that correction, effective February 10, 2023, Mr. Lewis' monthly statement shows corporate advances of $577.67, reflecting only charges in a Proof of Claim filed June 14, 2019.

I am available at the Court's convenience if the Court wishes to address the matter further. Thank you for your attention to this matter.

Respectfully,

*/s/ Matthew M. Haar*

Matthew M. Haar

cc: Carlo Sabatini, Esq. (via ECF Filing)

*EXHIBIT A*

Complaint

Exhibit A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE CLARENCE W. LEWIS, JR.,<br>Debtor,<br><br>CLARENCE LEWIS, JR.,<br>Plaintiff,<br>v.<br><br>THE MONEY SOURCE, INC.,<br>Defendant. | Chapter 13<br><br>Case No.: 5:19-bk-01873-MJC<br><br>Adversary No. 5:23-ap-00007-MJC |

**FIRST AMENDED COMPLAINT**

## I. INTRODUCTION

1. Plaintiff, Clarence Lewis Jr., owes a residential mortgage loan to Defendant, The Money Source, Inc. ("TMS"). After Plaintiff filed his Chapter 13 petition, Defendant filed a notice of post-petition fees in which it sought to recover $900.00 in attorney's fees for bankruptcy-related work. After Plaintiff questioned the size of the charges, Defendant withdrew the notice. Still, Defendant has continued to attempt to collect those fees, and other post-petition fees, from Plaintiff. That collection conduct is improper because there is no effective Bankruptcy Rule 3002.1 notice with respect to the fees. Plaintiff seeks actual, statutory, and punitive damages, and reasonable attorneys' fees and costs.

## II. JURISDICTION

2. Jurisdiction of this Court is proper as the claim for a violation of Bankruptcy Rule 3002.1 either "arises under" or "arises in" cases under Title 11. Plaintiff consents to the referral of all claims to this Court for the entry of an appropriate final order and judgment.

## III. PARTIES

3. Plaintiff, Clarence Lewis, is a natural person who, since before his bankruptcy petition was filed, has owned his principal residence, which is located at 312 Church Street, Taylor, PA 18517 ("the Residence").

4. Defendant, TMS, is the holder of a claim ("the Loan") that is secured by a security interest in the Residence. Defendant has designated 500 S. Broad St., Suite 100A, Meriden, CT, 06540 as the address where notices to it should be sent. [Proof of Claim 7.]

## IV. FACTS

5. Lewis filed for bankruptcy protection in April of 2019.

6. His confirmed plan provides that he will make contractual payments on the Loan directly to Defendant.

7. In July of 2019, Defendant filed a Notice of Postpetition Mortgage Fees, Expenses, and Charges ("the Fee Notice").

8. The only amounts disclosed on that notice were described as "Bankruptcy/Proof of claim fees" and totaled $900.00 ("the Fee Notice Fees").

9. A portion of the notice is reproduced here. (The misprint of the date as June 7, 2009 is in the original notice.)

| | | | | |
|---|---|---|---|---|
| 5. | Bankruptcy/Proof of claim fees | 05/08/2019- Review Debtor's Plan | | $250.00 |
| | | 06/07/2009- Review POC History | | $250.00 |
| | | 06/14/2019- Prep/File POC | (5) | $400.00 |

10. On October 7, 2019, after Plaintiff questioned the size of the Fee Notice Fees, Defendant withdrew the Fee Notice.

11. Once the Fee Notice was withdrawn, it no longer qualified as a notice that satisfied any requirement of Fed. R. Bankr. P. 3002.1.

12. By withdrawing the Fee Notice, Defendant "disclaimed any entitlement" to the Fee Notice Fees. (See 5:19-ap-00116-MJC, Doc. 130, p. 3.)

13. Other than the Fee Notice, Defendant has never filed any other notice in Plaintiff's bankruptcy case that itemized any fee, expense, or charge that had been incurred in connection with the Loan after the bankruptcy case was filed.

14. Yet, after withdrawing the Fee Notice, Defendant continued to attempt to collect the Fee Notice Fees as well as other post-petition fees.

15. On September 3, 2020, Plaintiff, through counsel, sent a letter to Defendant concerning the Fee Notice Fees.

16. A copy of that letter is attached as ***Exhibit A***.

17. In the letter, Plaintiff asked Defendant for, *inter alia,* a payoff statement and information regarding the Fee Notice Fees.

18. In a letter to Plaintiff's counsel dated September 15, 2020, Defendant did provide a payoff statement dated September 11, 2020. A copy of that payoff statement is attached as ***Exhibit B***.

19. Defendant's payoff statement included a demand of $4,537.76 for a "Recoverable Corporate Advance Balance."

20. $900 of that Recoverable Corporate Advance Balance was for the Fee Notice Fees.

21. On September 25, 2020, Plaintiff, through counsel, sent a letter to Defendant.

22. A copy of that letter is attached as ***Exhibit C***.

23. In that letter, Plaintiff asked Defendant to provide, *inter alia*, a detailed

itemization of the $4,537.76 that the payoff statement had claimed for "Recoverable Corporate Advance Balance."

24. Defendant, through counsel, responded with a letter dated October 26, 2020, a copy of which is attached as ***Exhibit D***.

25. That letter contained an itemization of the Recoverable Corporate Advance Balance.

26. The itemization included $1,987.80 in charges that were incurred after the bankruptcy case was filed. A summary of those post-petition charges is reproduced here:

| TRN | DATE | TRAN AMT | RSN | DESCRIPTION |
|---|---|---|---|---|
| 631 | 81920 | $20.00 | INSP | INSPECTION |
| 631 | 72220 | $20.00 | INSP | INSPECTION |
| 630 | 62620 | $250.00 | ATTF | ATTORNEY FEES |
| 631 | 62420 | $20.00 | INSP | INSPECTION |
| 631 | 52820 | $20.00 | INSP | INSPECTION |
| 631 | 43020 | $20.00 | INSP | INSPECTION |
| 631 | 40320 | $20.00 | INSP | INSPECTION |
| 631 | 22820 | $20.00 | INSP | INSPECTION |
| 631 | 10820 | $20.00 | INSP | INSPECTION |
| 631 | 112619 | $20.00 | INSP | INSPECTION |
| 745 | 83019 | $650.00 | ATTF | RECLASSES |
| 630 | 72519 | $100.00 | ATTF | ATTORNEY FEES |
| 631 | 52119 | $20.00 | INSP | INSPECTION |
| 630 | 51619 | $250.00 | ATTF | ATTORNEY FEES |
| 630 | 50719 | $470.00 | ATTF | ATTORNEY FEES |
| 630 | 50719 | $67.80 | ATTC | ATTORNEY COST |

27. Defendant's efforts to collect these charges were not restricted to merely demanding them in the payoff statement.

28. In September 2020, Defendant mailed to Plaintiff a monthly statement for the Loan. That statement *also* included a demand of exactly $4,537.76 for "Corporate Advances."

29. A portion of the payment coupon for that statement is reproduced here:

**Payment Due Date** 10/01/2020

If payment is received after **10/16/2020** a late fee of **$42.93** will be assessed.

| | |
|---|---|
| Payment Amount | $14,923.83 |
| Additional Principal | $__________ |
| Additional Escrow | $__________ |
| Late Charge ($37.54) | $__________ |
| Other Fees ($0.00) | $__________ |
| Corporate Advances ($4,537.76) | $__________ |
| Total Amount Enclosed | $__________ |

30. On January 27, 2023, Plaintiff initiated the instant adversary proceeding and Defendant's attorney received notice of the complaint through the CM/ECF system.

31. That complaint explained that Defendant was improperly attempting to collect the fees that were the subject of the withdrawn Fee Notice.

32. On January 31, 2023, during a fee petition hearing in prior, related litigation between the parties, Defendant's attorney represented to this Court that $900 in charges identified in the October 26, 2020 letter (attached hereto as Exhibit D), and which charges were part of the Recoverable Corporate Advance Balance for which Defendant was still billing Plaintiff, were **not** the same charges as the $900 of fees on the withdrawn Fee Notice.

33. On February 8, 2023, Plaintiff, through counsel, sent a letter (the "February 8,

2023 Request for Information") by regular mail to Defendant and by email to Defendant's counsel requesting information that, *inter alia*, would confirm the accuracy of Defendant's representation to the Court.

34. A copy of the February 8, 2023 Request for Information is attached as ***Exhibit E***.

35. On that same date, Plaintiff, through counsel, sent a separate letter (the "February 8, 2023 Notice of Error") by regular mail to Defendant and by email to Defendant's counsel, demanding that Defendant remove from the Loan the Fee Notice Fees and other fees that were being unlawfully collected in violation of Bankruptcy Rule 3002.1.

36. A copy of the February 8, 2023 Notice of Error is attached as ***Exhibit F***.

37. Within two days after Defendant's counsel received these letters by email, Defendant had determined that its representation to the Court was indeed inaccurate, and that the $900 in Fee Notice Fees were, in fact, part of the Recoverable Corporate Advance Balance that had been itemized in Defendant's October 26, 2020 Letter.

38. Although Defendant knew that the Court was preparing to rule on the fee petition identified in ¶ 32, Defendant did not immediately correct its misrepresentation to the Court.

39. Nor did Defendant immediately respond to Plaintiff's letters of February 8, 2023.

40. Instead, Defendant waited over a month before finally admitting to Plaintiff that the information Defendant had provided to the Court was inaccurate.

41. On March 15, 2023, Defendant sent a letter admitting the inaccuracy.

42. A copy of that letter, except for the enclosures that were included therein, is

attached as ***Exhibit G***.

43. Even then, Defendant took no immediate action to notify the Court of the misrepresentation that could affect the Court's decision on the matter that was under advisement.

44. On March 15, 2023, Plaintiff asked Defendant for concurrence with a motion to reopen the record to include Defendant's admission.

45. Some two weeks later, Defendant finally wrote to the Court and disclosed the misrepresentation.

46. Only with that disclosure did Defendant's conduct finally conform to the representations made when Defendant withdrew the Fee Notice – i.e., that Defendant "disclaim[ed] any entitlement to the [Fee Notice Fees]." (See 5:19-ap-00116-MJC, Doc. 130, p. 3.)

47. The February 8, 2023 Notice of Error demanded not only that Defendant remove the Fee Notice Fees from the Loan, but *also* that Defendant remove other additional fees that it had applied to the Loan.

48. At least some of those fees had been applied to the Loan for more than 180 days as of Plaintiff's February 8, 2023 Letter. In other words, those fees should have been disclosed on a 3002.1 notice.

49. Defendant now claims to have removed those fees from the Loan.

50. Fed. R. Bankr. P. 3002.1(c) requires a holder of a claim to "file and serve on the debtor, debtor's counsel, and the trustee a notice itemizing all fees, expenses, or charges (1) that were incurred in connection with the claim after the bankruptcy case was filed, and (2) that the holder asserts are recoverable against the debtor or against the

debtor's principal residence." The notice must be served within 180 days of when the fees, expenses, or charges are incurred.

51. More than 180 days have passed since the Fee Notice Fees were incurred.

52. Additionally, more than 180 days have passed since fees other than the Fee Notice Fees were incurred and which Defendant has tried to collect from Plaintiff.

53. As of the filing of this complaint, Defendant has not filed in the bankruptcy case any notice that discloses the Fee Notice Fees, nor which discloses any other fees that Defendant has incurred post-petition.

54. The charges that were incurred after the bankruptcy case was filed cannot properly be collected from Plaintiff or the Residence.

55. Defendant's efforts to collect the inflated amounts have caused Lewis to suffer actual damages, including liability for postage and attorney's fees for the mailing of the letter described in ¶ 35, and emotional distress in the form of stress and frustration.

56. An aggrieved party may recover punitive damages for a failure to comply with Fed. R. Bankr. P. 3002.1(i)(2). *Harlow v. Wells Fargo & Co. (In re Harlow)*, Nos. 17-71487, 20-07028, 2022 Bankr. LEXIS 3512, at *13 (Bankr. W.D. Va. Dec. 12, 2022).

WHEREFORE, Plaintiff respectfully requests entry of a judgment in favor of Plaintiff and against Defendant, specifically entry of an order awarding to Plaintiff:

a. actual damages pursuant to Fed. R. Bankr. P 3002.1(i)(2);

b. punitive damages pursuant to Fed. R. Bankr. P 3002.1(i)(2);

c. reasonable expenses and attorneys' fees pursuant to Fed. R. Bankr. P 3002.1(2); and

d. any further relief, as may be just and proper.

/s/ Carlo Sabatini
Carlo Sabatini, PA 83831
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512
Attorney for Plaintiff
Phone (570) 341-9000
Fax (570) 504-2769

*EXHIBIT C*

Settlement Agreement

Exhibit C

Settlement Agreement

1. **Definitions**

    a. *Plaintiff*: Clarence W. Lewis, Jr.

    b. *Defendant*: The Money Source, Inc.

    c. *Lawsuit I*: the action filed at U.S. Bankruptcy Court for the Middle District of PA Adversary Docket No. 5:19-ap-00116.

    d. *the Appeal*: the appeal of *Lawsuit I* that is pending at U.S. District Court for the Middle District of PA Docket No. 3:24-cv-00387-JKM.

    e. *Lawsuit II*: the action pending at U.S. Bankruptcy Court for the Middle District of PA Adversary Docket No. 5:23-ap-00007-MJC.

    f. *the Bankruptcy*: the bankruptcy case filed by *Plaintiff* that is pending at U.S. Bankruptcy Court for the Middle District of PA Docket 5:19-bk-01873-MJC.

    g. *an Approval Motion*: a motion filed in *the Bankruptcy* seeking approval of this settlement agreement.

2. This agreement is only effective if no later than June 5, 2024 *Defendant* delivers a fully executed agreement to carlo@sabatinilawfirm.com. Time is of the essence. If *Defendant* sends an executed agreement after June 5, 2024, then that agreement shall be considered a counteroffer which *Plaintiff's* counsel may accept in writing.

3. ***Defendant's* Obligations**. *Defendant* shall:

    a. only after an acceptance of this Settlement Agreement pursuant to ¶ 2, and no later than 48 hours after that acceptance, file with the court a Notice of Settlement in the form attached hereto as Exhibit A.

    b. tender an initial payment ("*the Damages Payment*") representing damages awardable to *Plaintiff* in *Lawsuit II.* This payment shall be made payable to "Sabatini Law Firm, LLC" and must be **received** in the Dunmore office of *Plaintiff's* counsel no later than 7 days after the *Approval Motion* is "favorably resolved" as defined in ¶ 4.b.i. The amount of this initial payment is $10,000.00.



SAppx14

Document Ref: 5EGVJ-YCLZN-MRG7R-QCVRS

c. tender a second payment ("*the Attorney's Fee Payment*") representing contingent attorney's fees and costs awardable to *Plaintiff's* counsel in lieu of statutory fees and costs *Plaintiff* might otherwise have been entitled to recover from *Defendant* in *Lawsuit II*. This payment shall be made payable to "Sabatini Law Firm, LLC" and must be **received** in the Dunmore office of *Plaintiff's* counsel no later than 7 days after the amount of the payment has been determined pursuant to ¶ 5.

d. file the Stipulation of Dismissal attached as Exhibit B within five days after receiving authorization under ¶ 4.

4. ***Plaintiff's* Obligations**.

a. *Plaintiff* shall file *an Approval Motion* within six weeks after *Defendant* executes this agreement, or at a later time as agreed upon, in writing, by the parties.

b. *Plaintiff's* counsel shall authorize *Defendant's* counsel to file Exhibit B no later than six weeks after, or at a later time as agreed upon, in writing, by the parties:

i. the *Approval Motion* is "favorably resolved" – either by the bankruptcy court explicitly granting the motion, or by the bankruptcy court deciding that no approval is required – and

ii. *Defendant* has paid all amounts in the manner required by this agreement.

5. Determination of the *Attorney's Fee Payment*:

a. *Plaintiff* shall provide *Defendant,* through counsel, with an itemized statement showing time expended by counsel related to *Lawsuit II* along with any expenses incurred.

b. Within twenty-one (21) days after receipt of that statement, *Defendant* shall return to *Plaintiff* a marked-up statement that identifies each entry to which *Defendant* objects along with the reasons for the objection.

c. Within 7 days thereafter, or at a later time as agreed upon, in writing, by the parties, counsel for the parties shall engage in a good faith conference to attempt to resolve *Defendant's* objections.



Document Ref: 5EGVJ-YCLZN-MRG7R-QCVRS

d. If the parties agree in writing as to the amount that *Defendant* will pay for fees and expenses, then that agreed amount will be the *Attorney's Fee Payment.*

e. If within 7 days after the good faith conference described in ¶ c the parties have not agreed in writing as to the amount of the *Attorney's Fee Payment*, then that amount will be determined by a third-party neutral to be agreed upon, in writing, by the parties, and, if the parties cannot agree upon a third-party neutral, then by a third-party neutral from JAMS. In that event:

i. *Defendant* will be solely responsible to pay all amounts charged by the third-party neutral referenced in ¶ 5.e, including any fee that would ordinarily be borne by a consumer. Within 7 days of request from *Plaintiff*, *Defendant* will pay any up-front fee charged by the third-party neutral.

ii. The neutral will calculate the amount of the *Attorney's Fee Payment* as the amount of reasonable fees and costs that the court in *Lawsuit II* should have awarded after the entry in *Plaintiff's* favor of a $10,000 judgment for punitive damages.

iii. The attorney's fees incurred in the third-party neutral proceeding will be compensable to the same extent as would be similar attorney's fees incurred pursuant to a fee application filed in *Lawsuit II* after the entry in *Plaintiff's* favor of a $10,000 judgment.

f. Until the amount of the *Attorney's Fee Payment* is determined pursuant to ¶ 5.d or ¶ 5.e, the settlement discussions between the parties will be treated as confidential and will not be used for any purpose.

6. *Plaintiff's* Release: *Plaintiff* releases *Defendant* from all claims except for any claim arising out of *Lawsuit I* or *the Appeal*, including, without limitation, any attorney's fees that are awarded by the court in *Lawsuit I* or by the court in *the Appeal* for: (i) services rendered in *Lawsuit I* or (ii) services rendered in *the Appeal*.

7. *Defendant's* Release: *Defendant* releases *Plaintiff* from all claims except for any obligation that *Plaintiff* has to pay the debt that *Defendant* identifies by number 0010898377.

8. *Defendant* and *Plaintiff* acknowledge and agree that:



Document Ref: 5EGVJ-YCLZN-MRG7R-QCVRS

a. the Federal EIN Number for Sabatini Law Firm, LLC is 27-1158215 and if *Defendant* requires a W-9 form, then it warrants that it requested any required W9 form and received it before executing this agreement.

b. if *Defendant* fails to perform any obligation under this agreement, *Plaintiff* may notify *Defendant* of the default, in a writing to *Defendant* or its counsel, and if the default is not cured within ten days of the date that the notification is received, then *Plaintiff* may seek judicial relief and shall be entitled to an award of reasonable attorney's fees and costs incurred either: (i) as a result of the failure or (ii) in connection with the request.

c. other than as set forth in this Agreement, *Plaintiff* and *Defendant* have not relied on any representation made by any party to *Lawsuit* in reaching this Agreement.

d. this Agreement shall not be construed as an admission of liability by *Defendant*.

e. The United States Bankruptcy Court for the Middle District of Pennsylvania shall retain jurisdiction over this matter to enforce this Agreement.

f. this Agreement shall be governed by and interpreted according to the laws of the Commonwealth of Pennsylvania without regard to any conflict of law provisions.

g. *Defendant* may not effectively impose any condition in connection with the tender of any payment under this Agreement. For example, if *Defendant* adds any waiver language to any settlement check, then such language will be ineffective. *Plaintiff* may return any payment sent with such conditional language. If *Plaintiff* returns such a payment, then, for all purposes under this Agreement, the payment shall not be considered to have been tendered by *Defendant* until *Defendant* tenders a payment without any conditional language. Alternatively, *Plaintiff* may choose to retain and cash such check, in which event the waiver language will be ineffective.

h. any and all disputes or actions commenced regarding this Agreement that cannot be filed or resolved in the United States Bankruptcy Court for the Middle District of Pennsylvania, regardless of whether the original case has been closed, shall be filed and decided solely in Lackawanna County, Pennsylvania and the parties agree to submit to the jurisdiction of that Court.

i. this Agreement shall not be construed more strictly against one party than against the other by virtue of the fact that the Agreement may have been drafted or



Document Ref: 5EGVJ-YCLZN-MRG7R-QCVRS

prepared by counsel for one of the parties, it being recognized that all parties to this Agreement have contributed substantially to its preparation.

j. this contract is the entire contract between the parties and shall bind the signer, his agents, next of kin, executors, administrators, successors and assigns.

k. if the *Approval Motion* is not "favorably resolved" as defined in ¶ 4.b.i above, then this Agreement shall be void.

l. if any provision or portion of this contract is held invalid, void, or unenforceable under any applicable statute or rule of law, only that provision, or portion thereof, shall be deemed omitted from this contract, and only to the extent to which it is held invalid and the remainder of this contract shall remain in full force and effect.

Date: 06 / 11 / 2024

________________________
Clarence W. Lewis, Jr., *Plaintiff*

The Money Source, Inc., *Defendant*
By:

Date: June 18, 2024

________________________
Sign Here

Frank Giglio, Esq., Managing Counsel
Print Name and Title here